OPINION ON ORDER AFTER REMAND
DAUKSCH, Judge.
The order rendered September 7, 1983 is not in compliance with the opinion of this court issued June 23, 1983,[1] which required a hearing to determine if the petitioner was qualified to be sentenced under the Youthful Offender Statute, Section 958.04, Florida Statutes (1979).
The order does not show any consideration having been given to the various criteria which must be considered to determine whether petitioner is entitled to be sentenced as a youthful offender. The or *514 der is incorrect in its assertion that one who is convicted of robbery with a weapon must be sentenced for a life felony rather than a felony in the first degree. Section 775.-087(1), Florida Statutes (1981) provides that “whenever a person is charged with a felony, except a felony in which the use of a weapon or firearm is an essential element, and during the commission of such felony the defendant carries, ... any weapon or firearm,” the felony is reclassified upwards. Here, the defendant was charged with and convicted of robbery with a firearm which is an already-enhanced charge under the robbery statute. It is a felony of the first degree. It cannot be reclassified under Section 775.087(1) because that statute specifically excludes such a felony (see the emphasized portion above). See also Maham v. State, 438 So.2d 164 (Fla. 5th DCA 1983).
We remand this case again, this time for a period of thirty days. The court is directed to hold a hearing with the defendant and his attorney present, to take evidence and make a complete record, and to decide whether the defendant meets the mandatory qualifications to be sentenced under Section 958.04(2), Florida Statutes (1979). If the defendant qualifies, then he must be resentenced pursuant to that statute. If he does not, then an order must be entered setting out the reasons. The court shall then direct the clerk of the circuit court to forward to this court within ten days of the hearing a complete record and transcript of the proceedings held in compliance with this opinion.
It is so ordered.
SHARP and COWART, JJ., concur.

. Hill v. State, 434 So.2d 974 (Fla. 5th DCA 1983).