PER CURIAM.
Appellant contends, and the state concedes, that the trial court erred in assessing points for victim injury on the guidelines scoresheet. At the time appellant’s crime was committed, these points could not be included on the scoresheet
because victim injury was not an element of the offense for which appellant was convicted. See Fennell v. State, 544 So.2d 1017 (Fla.1989); Baker v. State, 526 So.2d 202 (Fla. 4th DCA 1988). Accordingly, we reverse appellant’s sentences and remand for correction of the scoresheet and resen-tencing.
The state contends that the trial court erred in not reclassifying appellant’s offense of attempted sexual battery with a deadly weapon to a first-degree felony. This argument is without merit because section 775.087(1), Florida Statutes (1987), excepts from such reclassification a felony, as that in this case, in which, pursuant to sections 794.011(3) and 777.04, Florida Statutes (1987), the use of a weapon is an essential element.
Reversed and remanded for resentenc-ing.
SCHEB, A.C.J., and LEHAN and PARKER, JJ., concur.