608 So.2d 514 (1992)
Derrick S. ELLIS, Appellant,
v.
STATE of Florida, Appellee.
No. 91-1498.
District Court of Appeal of Florida, Fifth District.
October 23, 1992.
Rehearing Denied November 23, 1992.
*515 James B. Gibson, Public Defender and Paolo G. Annino, Asst. Public Defender, Daytona Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and David S. Morgan, Asst. Atty. Gen., Daytona Beach, for appellee.
GOSHORN, Chief Judge.
Derrick Ellis appeals his convictions and the sentences imposed therefor after a jury found him guilty of attempted sexual battery while armed,[1] aggravated battery with a deadly weapon,[2] and attempted robbery with a deadly weapon.[3] We reverse Ellis's sentence for attempted sexual battery while armed, but otherwise affirm the trial court.
Attempted sexual battery while armed is a second degree felony. §§ 777.04(1), (4)(b), 794.011(3), Fla. Stat. (1991). The trial court enhanced the offense to a first degree felony, apparently pursuant to section 775.087, Florida Statutes (1991), which permits reclassification for use of a weapon during commission of a felony, except for those felonies in which use of a weapon is an essential element. Then, upon finding that Ellis was a habitual violent felony offender, the trial court sentenced Ellis to life imprisonment, which is permissible for first degree felonies under the habitual offender statute. § 775.084(4)(a)1, Fla. Stat. (1991). However, because the use of a weapon is an essential element of the offense of attempted sexual battery while armed, it was error to use the weapon to reclassify the offense to a higher degree under section 775.087. Standley v. State, 554 So.2d 1200 (Fla. 2d DCA 1989).
The State recognizes that under the habitual violent offender statute, the maximum sentence that can be imposed for a second degree felony is 30 years. However, the State argues that upon remand the trial court should not be required to sentence Ellis as a habitual violent felony offender and be constrained to impose a 30 year sentence, but rather, should be free to enter a guidelines departure sentence. We agree. On remand, the trial court is not required to sentence Ellis as a habitual violent felony offender, but may consider, if appropriate, the imposition of a guidelines departure sentence. See Burdick v. State, 594 So.2d 267 (Fla. 1992) (holding that sentencing under the habitual violent felony offender statute is permissive, not mandatory); King v. State, 597 So.2d 309 (Fla. 2d DCA), review denied, 602 So.2d 942 (Fla. 1992) (holding that the trial court may decide not to sentence a defendant under the habitual violent felony offender statute after determining the defendant is a habitual violent felony offender and may instead impose a regular guidelines sentence or a departure sentence).
Ellis also argues that the trial court erred by reclassifying his conviction for attempted armed robbery with a deadly *516 weapon from a second degree felony to a first degree felony pursuant to section 775.087. We agree that the reclassification in this case was error. See Hill v. State, 438 So.2d 513 (Fla. 5th DCA 1983) (recognizing that robbery with a firearm is an "already-enhanced" charge under the robbery statute and thus cannot be reclassified under section 775.087(1)). However, this error is not cognizable on appeal because the sentence of 30 years was within the range permitted for a second degree felony under the habitual offender statute, section 775.084(4)(a)2, Florida Statutes (1991), and thus the sentence is legal and not appealable. On remand, the judgment and sentence must be corrected to reflect that Ellis was convicted of a second degree felony.
Convictions AFFIRMED; Sentences AFFIRMED in part, REVERSED in part, and REMANDED.
W. SHARP, and DIAMANTIS, JJ., concur.
NOTES
[1] §§ 777.04(1), 794.011(3), Fla. Stat. (1991).
[2] § 784.045(1)(a)2, Fla. Stat. (1991).
[3] §§ 777.04(1), 812.13(2)(a), Fla. Stat. (1991).