660 So.2d 310 (1995)
Jason W. SPRINGER, Appellant,
v.
STATE of Florida, Appellee.
No. 94-4269.
District Court of Appeal of Florida, First District.
August 28, 1995.
Rehearing Denied October 5, 1995.
*311 Appellant pro se.
No appearance for appellee.
PER CURIAM.
Jason Springer appeals the dismissal of his motion for post-conviction relief filed pursuant to Rule 3.850, Florida Rules of Criminal Procedure. Points I, III, and IV of Springer's motion allege error in Springer's convictions and are barred by the two-year statute of limitations for motions filed under Rule 3.850 seeking to set aside judgments. "A motion to vacate a sentence that exceeds the limits provided by law may be filed at any time. No other motion shall be filed or considered pursuant to this rule if filed more than 2 years after the judgment and sentence become final in a noncapital case... ." Fla. R.Crim.P. 3.850(b) (1994).
Springer's second point alleges that the trial court failed to enter the requisite written findings of fact before imposing adult sanctions against him. Since this is a challenge to the sentence independent of any question touching the validity of the judgment, it is not time barred if viewed as a contention that, absent the missing findings, appellant's sentence "exceeds the limits provided by law." We believe, however, the claim in count II is controlled by the recent decision in Davis v. State, 20 Fla. L. Weekly S362, S364, ___ So.2d ___, ___ (Fla. July 20, 1995), in which the court held "that the failure of the trial judge to file contemporaneous written reasons for a departure sentence may not be raised for the first time in a collateral proceeding." On the authority of Davis, we affirm Springer's sentences.
We nevertheless recognize differences between the failure to enter contemporaneous reasons for a departure sentence and the failure to enter written findings justifying adult sanctions for a juvenile offender under section 39.059(7)(c), Florida Statutes (1991).[1]Cf. Hangen v. State, 651 So.2d 706 (Fla. 5th DCA 1995) (reaching the merits of a Rule 3.800 claim that juvenile offender was sentenced as an adult without the trial court having entered the requisite findings); see generally, Hill v. State, 438 So.2d 513 (Fla. 5th DCA 1983) (challenge to sentence based on trial court's failure to consider defendant's eligibility for Youthful Offender status cognizable on Rule 3.850 motion/petition for writ of habeas corpus); McNeil v. State, 438 So.2d 178 (Fla. 1st DCA 1983) (same); Goodson v. State, 392 So.2d 1335 (Fla. 1st DCA 1980) (alleged error in trial court's failure to sentence defendant as youthful offender cognizable under Rule 3.800). We therefore certify the following question to the Florida Supreme Court as one of great public importance:
IS THE FAILURE OF THE TRIAL COURT TO ENTER THE WRITTEN FINDINGS REQUIRED BY SECTION 39.059(7)(C), FLORIDA STATUTES (1991) AND TROUTMAN V. STATE, 630 So.2d 528 *312 (FLA. 1993) COGNIZABLE COLLATERALLY?
BENTON and VAN NORTWICK, JJ., concur.
ERVIN, J., concurs with opinion.
ERVIN, Judge, concurring.
This panel affirms the summary denial of appellant's motion for post-conviction relief for the following reasons. First, three of the claims are challenges to his convictions, which are barred by the two-year limitations period set forth in Florida Rule of Criminal Procedure 3.850. Second, the remaining claim, wherein appellant contends that the trial court erred by failing to make written findings concerning the imposition of adult sanctions, is not cognizable on collateral review. In State v. Callaway, 658 So.2d 983, 988 (Fla. 1995), the supreme court delineated the three different types of sentencing errors: (1) an erroneous sentence which is correctable on direct appeal, (2) an unlawful sentence which is correctable only after an evidentiary hearing under rule 3.850, and (3) an illegal sentence which may be corrected at any time under Florida Rule of Criminal Procedure 3.800.
Appellant's claim falls under the first category,[2] and therefore is procedurally barred. Golden v. State, 509 So.2d 1149, 1151 (Fla. 1st DCA 1987) ("A rule 3.850 motion cannot be used to review ordinary trial errors cognizable by means of a direct appeal."). For a similar result, see Davis v. State, 661 So.2d 1193, 1195 (Fla. 1995) (defendant was precluded from asserting Ree[3] sentencing error through collateral attack under rule 3.800 or 3.850).
NOTES
[1] Section 39.059 was amended effective October 1, 1994, and now provides that, although the imposition of adult sanctions must be in writing, specific findings relating to the statutory criteria need not be entered by the trial court. § 39.059(7)(d), Fla. Stat. (Supp. 1994).
[2] No evidentiary hearing is necessary to determine the alleged error, and the sentence does not exceed the statutory maximum and is not, therefore, illegal. See Davis v. State, 661 So.2d 1193, 1195 (Fla. 1995) ("Only if the sentence exceeds the maximum allowed by law would the sentence be illegal.").
[3] Ree v. State, 565 So.2d 1329 (Fla. 1990).