PER CURIAM.
Jeramie R. Feyock appeals the summary denial of his postconviction motion. We affirm.
Mr. Feyock pleaded guilty and was sentenced as an adult to a total of 25 years’ imprisonment for various felonies. The sentencing occurred on May 28,. 1993, when he was 16. He did not appeal. Prior to sentencing, the trial judge ordered a predisposition report and a presentence investigation. The scoresheet prepared for the sentencing reflects 3 felonies as the primary offense, 7 felonies and 2 misdemeanors as additional offenses, and 22 felonies and 8 misdemeanors as prior record. The scoresheet recommended a 40-year sentence and permitted a life sentence. The trial judge entered an order determining that Mr. Feyock was suitable for adult sanctions. This sentencing occurred prior to the supreme court’s opinion in Troutman v. State, 630 So.2d 528 (Fla.1993). There is no dispute that the form of the order on adult sanctions is deficient under the holding in Troutman. There are no factual allegations suggesting that Mr. Fey-ock would have received treatment as a juvenile if a different order had been prepared.
This postconviction motion was filed on July 27, 1995. It primarily argues that Mr. Feyock should not have been sentenced as an adult. If treated as a motion pursuant to Florida Rule of Criminal Proce *858 dure 3.850, it is untimely. If treated as a motion brought under Florida Rule of Criminal Procedure 3.800(a), it fails to allege a basis to declare the sentence illegal. See Springer v. State, 660 So.2d 310 (Fla. 1st DCA 1995).
Affirmed.
FRANK, A.C.J., and PARKER and ALTENBERND, JJ, concur.