PER CURIAM.
Even though the State concedes that the trial court failed to consider in writing each of the statutory criteria for imposing adult sanctions on a juvenile, this case is affirmed on the reasoning of Davis v. State, 661 So.2d 1193 (Fla.1995), State v. Callaway, 658 So.2d 983 (Fla.1995), and Springer v. State, 660 So.2d 310 (Fla. 1st DCA 1995), cause dismissed, 670 So.2d 940 (Fla.1996).
However, because, as in Springer, we recognize that there may be differences between the failure to enter a contemporaneous reason for a departure sentence and the failure to enter written findings justifying adult sanctions for a juvenile offender under section 39.059(7)(e) Florida Statutes (1991), we certify the same question that was certified in Springer as being one of great public importance:
IS THE FAILURE OF THE TRIAL COURT TO ENTER THE WRITTEN FINDINGS REQUIRED BY SECTION 39.059(7)(C), FLORIDA STATUTES (1991) AND TROUTMAN V STATE, 630 S0.2D 528 (FLA1993) COGNIZABLE COLLATERALLY?
Springer, 660 So.2d at 312.
Affirmed, question certified.
SCHWARTZ, C.J., and GODERICH, J., concur.