SHAW, Justice.
We have for review a decision on the following question certified to be of great public importance:
IS THE FAILURE OF THE TRIAL COURT TO ENTER THE WRITTEN FINDINGS REQUIRED BY SECTION 39.059(7)(C), FLORIDA STATUTES (1991) AND TROUTMAN V STATU, 680 So.2d 528 (Fla.1993) COGNIZIBLE COL-' LATERALLY?
Summers v. State, 670 So.2d 1111 (Fla. 3d DCA 1996). We have jurisdiction. Art. V, § 3(b)(4), Fla. Const.
In Troutman v. State, 630 So.2d 528 (Fla. 1993), we held that pursuant to the legislature’s clear mandate, a trial court must consider each of the criteria of section 39.059(7)(c) before determining the suitability of adult sanctions and contemporaneously reduce its evaluation and findings to writing. Id. at 531. In Davis v. State, 661 So.2d 1193 (Fla.1995), we held that the trial court’s failure to file contemporaneous written reasons for departing from a guideline sentence was not fundamental error and thus could not be raised for the first time on collateral review. Id. at 1197. We agree with the district court’s reliance on Davis. The trial court’s failure to comply with the statutory mandate is a sentencing error, not fundamental error, which must be raised on direct appeal or it is waived. Based on Davis, we answer the question in the negative and approve the decision below.
It is so ordered.
KOGAN, C.J., and OVERTON, GRIMES, HARDING, WELLS and ANSTEAD, JJ., concur.