701 So.2d 353 (1997)
William Randall COWAN, Appellant,
v.
STATE of Florida, Appellee.
No. 96-3584.
District Court of Appeal of Florida, First District.
June 25, 1997.
Nancy A. Daniels, Public Defender; P. Douglas Brinkmeyer, Assistant Public Defender, Tallahassee, for Appellant.
Robert A. Butterworth, Attorney General; L. Michael Billmeier, Assistant Attorney General, Tallahassee, for Appellee.
WEBSTER, Judge.
In this direct criminal appeal, appellant seeks review of a 25-year sentence imposed following revocation of probation, claiming that the sentence was an improper departure from that required by the applicable version of the guidelines. The state responds that appellant did not preserve this issue for appellate review, and that it does not constitute fundamental error. We agree with the state and, accordingly, affirm.
At a hearing held on June 27, 1996, appellant admitted that he had been convicted of three new offenses while on probation for kidnapping and other offenses, for which he had initially been sentenced in 1985. The trial court revoked appellant's probation and sentenced him to 25 years in prison on the kidnapping count. Appellant now claims that the sentence is an improper departure because it exceeds the maximum sentence for a one-cell increase (taking into account the violation of probation) permitted by the version of the guidelines in effect in 1985. The state responds that section 924.051, Florida Statutes (Supp.1996), which was created by the Criminal Appeal Reform Act of 1996 (ch. 96-248, § 4, at 954, Laws of Fla.) applies, and requires affirmance because appellant failed to preserve this issue for appellate review.
Section 924.051 became effective on July 1, 1996. Appellant was not sentenced until August 22, 1996. Accordingly, we conclude that section 924.051 applies. Neal v. State, 688 So.2d 392 (Fla. 1st DCA 1997). We also reject appellant's constitutional attacks on the statute, both on its face and as applied. Amendments to the Florida Rules of Appellate Procedure, 685 So.2d 773, 774-75 (Fla. 1996); Neal.
Our review of the record satisfies us that appellant did not raise in the trial court the issue which is the subject of this appeal. However, even if we were to accept appellant's argument that he did, it is clear that the issue was never ruled on by the trial court. Therefore, the issue was not "preserved," as that term is defined in section 924.051(1)(b). Were we to assume that appellant's claim regarding his sentence is correct, the error would not be "fundamental" for purposes of section 924.051(3). See Davis v. State, 661 So.2d 1193 (Fla.1995) (failure to file contemporaneous written reasons when imposing departure sentence not "fundamental" error). Accordingly, we affirm.
AFFIRMED.
ALLEN and PADOVANO, JJ., concur.