696 So.2d 1268 (1997)
Milo Fred JAMES, III, Appellant,
v.
STATE of Florida, Appellee.
No. 96-01086.
District Court of Appeal of Florida, Second District.
July 2, 1997.
*1269 James Marion Moorman, Public Defender, Bartow, and Kathleen Calcutt and Allyn Giambalvo, Assistant Public Defenders, Clearwater, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Michael J. Scionti, Assistant Attorney General, Tampa, for Appellee.
PER CURIAM.
Milo Fred James III appeals his sentence for lewd and lascivious act in the presence of a child under the age of 16. See § 800.04(3), Fla. Stat. (1993). Mr. James was 22 years old when he engaged in a continuing two-year sexual relationship with the victim, a 14-year-old girl. They had a child and eventually married after his arrest. A jury found him guilty of lewd act, and the trial court sentenced him to three years of imprisonment followed by two years' probation. He was acquitted of a separate charge of aggravated child abuse, which related to alleged physical abuse of the couple's child. See § 827.03, Fla. Stat. (1993). In his appeal, he challenges the conditions of probation prohibiting him from having physical contact with his wife and their child.
A condition of probation abridging constitutionally protected rights is invalid and not reasonably related to rehabilitation if it (1) bears no relationship to the crime the offender committed, (2) relates to conduct which is not in itself criminal, and (3) requires or forbids conduct which is not reasonably related to future criminality. Rodriguez v. State, 378 So.2d 7 (Fla. 2d DCA 1979). If the record supports at least one of the Rodriguez factors, the special condition of probation will be upheld. Biller v. State, 618 So.2d 734 (Fla.1993).
The condition of probation prohibiting Mr. James from having contact with his now 17-year-old wife is unrelated to the crime of lewd act in the presence of a child under the age of 16. Future contact with his lawful wife does not constitute criminal behavior, nor is it reasonably related to future criminality. See Stephens v. State, 659 So.2d 1303 (Fla. 1st DCA 1995) (striking conditions prohibiting cohabitation because unrelated to prior domestic abuse). Because all of the Rodriguez factors are satisfied, we conclude that the condition prohibiting Mr. James from having contact with his wife is invalid. Accordingly, we strike that condition.
We also strike the condition prohibiting him from having contact with his young child. From the transcript of the sentencing hearing, it appears that the trial court imposed the condition based on the allegations of child abuse in this case and its knowledge from a separate dependency case. This jury acquitted Mr. James of committing aggravated child abuse. Although the allegations of abuse may be appropriately addressed in a dependency proceeding, the condition prohibiting Mr. James from contacting his child is not reasonably related to rehabilitation under the circumstances in this case. Cf. Howland v. State, 420 So.2d 918 (Fla. 1st DCA 1982) (condition restricting contact with child related to negligent child abuse conviction).
Finally, we strike the $80 investigative cost of the Pasco County Sheriff's Office because it was imposed without a request *1270 from that office and without appropriate supporting documentation. § 939.01(1), Fla. Stat. (1993); King v. State, 696 So.2d 860 (Fla. 2d DCA 1997). The $400 public defender's lien was imposed without providing Mr. James notice and an opportunity to object to the amount of the lien. Bourque v. State, 595 So.2d 222 (Fla. 2d DCA 1992); Fla. R.Crim. P. 3.720(d)(1). Accordingly, on remand, he shall have thirty days from the date of the mandate to file a written objection to the amount of the fee. If he files such an objection, the trial court shall strike the $400 lien, but may reimpose it after providing Mr. James notice and a hearing. We approve the $20 reimbursement imposed for the cost of withdrawing and transmitting Mr. James' blood specimen to the Florida Department of Law Enforcement pursuant to section 943.325(8)(a), Florida Statutes (1995).
Certain probation conditions and investigative cost stricken, and case remanded with instructions.
SCHOONOVER, A.C.J., and ALTENBERND and WHATLEY, JJ., concur.