696 So.2d 504 (1997)
Joseph BISSON, Appellant,
v.
STATE of Florida, Appellee.
No. 96-3262.
District Court of Appeal of Florida, Fifth District.
July 3, 1997.
James B. Gibson, Public Defender, and Rebecca M. Becker, Assistant Public Defender, Daytona Beach, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Belle B. Turner, Assistant Attorney General, Daytona Beach, for Appellee.
W. SHARP, Judge.
Bisson pled guilty to three criminal offenses in three different criminal cases. In one case he was sentenced to 60 months in prison with credit for time served. The judge placed Bisson on concurrent five year terms of probation for the remaining three felony charges, and one concurrent year of probation for a misdemeanor charge. The offenses were committed in 1994 and 1995. He was sentenced on October 29, 1996. We affirm in all regards, except for the trial court's imposition of a special condition of probation that Bisson pay $75.00 investigative costs to the New Smyrna Beach Police Department.
*505 In this case, the record reflects that the state made no request for investigative costs, nor was there any documentation offered to support the assessment. Imposition of investigative costs under these circumstances is illegal. Walker v. State, 692 So.2d 318 (Fla. 5th DCA 1997); Pazo v. State, 684 So.2d 898 (Fla. 5th DCA 1996); Meyers v. State, 676 So.2d 57 (Fla. 5th DCA 1996); Golden v. State, 667 So.2d 933 (Fla. 2d DCA 1996).
The state argues that section 924.051(3), Fla. Stat., which took effect July 1, 1996, bars this appeal because under the statute, an issue can only be appealed if it is either preserved by a timely objection, or is fundamental. Assuming this statute can be retroactively applied,[1] we think Bisson's right to challenge the investigative fees on appeal remains viable. A trial court has no authority to impose investigative costs without a request or documentation. To do so constitutes an illegal sentence and therefore fundamental error.
AFFIRMED. Investigative Costs to New Smyrna Beach Police Department STRICKEN.
DAUKSCH and ANTOON, JJ., concur.
NOTES
[1] See Neal v. State, 688 So.2d 392 (Fla. 1st DCA 1997).