GRIFFIN, Chief Judge.
Luis Caballero appeals the summary denial of his motion made pursuant to Florida Rule of Criminal Procedure 3.850. Defendant pled no contest in Defendant claims he has now discovered that his Orange and Lake County sentences are consecutive. Indeed, attached to the motion is a “waiver of rights and agreement to enter plea” form which states, “Defendant to get same sentence offer in Orange County cases, to run concurrent with these [Lake County] cases.” This document is signed by the local assistant state attorney and a representative of the Statewide Prosecutor’s Office. Addition *506 ally, the transcript of the sentencing hearing clearly confirms that everyone was aware that this agreement was an incentive for the plea. During sentencing, the trial court stated, “It’s my understanding you will be sentenced in the same manner in Orange County.”
The relief sought by appellant in his motion is that the court vacate “the sentence” and order the Department of Corrections to “amend” and to “correct” the sentence to have the sentences run concurrently. The trial eourt denied defendant’s motion, pointing out that defendant was sentenced in Lake County first and that the circuit court in Lake County has no jurisdiction to direct a particular sentence in another county. Appellant has not sought to withdraw his Lake County plea nor has he asserted that he would not have entered the Lake County plea if he had known that the Orange County sentence would be consecutive. The judge states in his order that the proper forum for defendant to “air his grievance” is Orange County.
There is a good deal we do not know about the issue at hand from the record before us, including whether the agreement was, in fact, breached in Orange County, and, if so, how or why. We do agree that the lower eourt was correct in denying the relief requested.
AFFIRMED.
W. SHARP and THOMPSON, JJ., concur.