697 So.2d 1245 (1997)
John Makario JOHNSON, Appellant,
v.
STATE of Florida, Appellee.
No. 96-2959.
District Court of Appeal of Florida, First District.
July 16, 1997.
Rehearing Denied August 20, 1997.
Nancy A. Daniels, Public Defender; Angela Shelley, Assistant Public Defender, Tallahassee, for Appellant.
Robert A. Butterworth, Attorney General; Edward C. Hill, Jr., Assistant Attorney General, Tallahassee, for Appellee.
PER CURIAM.
In this direct criminal appeal, appellant presents only one issue. He claims that he received an improper upward departure sentence because the sole reason given for the departure had already been taken into account in computing his guidelines score. However, as the state correctly points out, appellant was sentenced after the effective date of the amendments to chapter 924, Florida Statutes. Ch. 96-248, at 953, Laws of Fla. Notwithstanding this fact, appellant failed to preserve the issue for appeal, as required by section 924.051, Florida Statutes (Supp.1996); and did not file a motion to correct the sentence pursuant to Florida Rule of Criminal Procedure 3.800(b). See Amendments to Florida Rule of Appellate Procedure 9.020(g) and Florida Rule of Criminal Procedure 3.800, 675 So.2d 1374 (Fla.1996). Moreover, the error about which appellant complains would not be "fundamental" for purposes of section 924.051(3). See Davis v. State, 661 So.2d 1193 (Fla.1995) (failure to file contemporaneous written reasons when imposing departure sentence not "fundamental" error). Accordingly, we affirm. *1246 Neal v. State, 688 So.2d 392 (Fla. 1st DCA 1997).
AFFIRMED.
ALLEN, WEBSTER and PADOVANO, JJ., concur.