697 So.2d 586 (1997)
Richard MILLER, Appellant,
v.
STATE of Florida, Appellee.
No. 96-4247.
District Court of Appeal of Florida, First District.
August 7, 1997.
Nancy A. Daniels, Public Defender; and P. Douglas Brinkmeyer, Assistant Public Defender, Tallahassee, for Appellant.
Robert A. Butterworth, Attorney General; and James W. Rogers, Senior Assistant Attorney General, Tallahassee, for Appellee.
DAVIS, Judge.
The appellant entered a plea of no contest to a charge of escape in exchange for a negotiated guidelines sentence and did not preserve any issues for appeal. Appellant's counsel has filed a brief in accordance with Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), asserting that no good-faith argument can be made that reversible error occurred below. No further briefs have been filed. We have reviewed the record in accordance with State v. Causey, 503 So.2d 321 (Fla.1987).
The State has moved to dismiss under the authority of section 924.051, Florida Statutes (Supp.1996). As we explained in Stone v. State, 688 So.2d 1006 (Fla. 1st DCA 1997), rather than grant such motions to dismiss, our duty is to conduct a review of the record to determine if any of the four delineated issues in Robinson v. State, 373 So.2d 898 (Fla.1979) exists. Therefore we need not address appellant's arguments that dismissing pursuant to section 924.051 would be unconstitutional as either a denial of access to courts, or a violation of the doctrine of separation of powers, due process, equal protection, or the prohibition against ex post facto laws. But see Amendments to the Florida Rules of Appellate Procedure, 685 So.2d 773, 775 (Fla.1996)("we believe the legislature could reasonably condition the right to appeal upon the preservation of a prejudicial error or the assertion of a fundamental error"); Neal v. State, 688 So.2d 392, 395 (Fla. 1st DCA 1997) (rejecting arguments that application of section 924.051 would violate the ex post facto clauses of the Florida and United States constitutions, as well as deny the constitutional right of access to courts). We have performed the review mandated under Stone, and conclude that the record does not disclose a Robinson error.
Accordingly, the appeal is DISMISSED. Stone v. State, 688 So.2d 1006 (Fla. 1st DCA 1997).
KAHN and BENTON, JJ., concur.