PETERSON, Judge.
Esteban Saldana entered a plea of nolo contendere to three counts of performing a lewd and lascivious act upon a child under 12 and one count of attempted sexual battery upon a child under 12. Although he never raised a sentencing error in the lower tribunal, he asserts that he may raise for the first time on appeal that 40 victim injury points for sexual penetration were added to his scoresheet instead of the correct number of 18 points for sexual contact.
Subsections 924.051(3) & (4), Florida Statutes (1996 Supp.) and amended Florida Rule of Criminal Procedure 3.800(b) provide that a defendant pleading guilty or nolo con-tendere without expressly reserving his right to appeal the sentence either by way of raising the issue at the sentencing hearing, or by filing a motion to correct sentence within 30 days after the rendition of the sentence has not preserved the issue for purposes of appeal, absent an error that constitutes fundamental error. See Amendments to The Florida Rules of Appellate Procedure, 685 So.2d 773, 775 (Fla.1996); Rangel v. State, 692 So.2d 277 (Fla. 5th DCA 1997); Middleton v. State, 689 So.2d 304 (Fla. 1st DCA 1997). The effective date of both the new statute and the amended rule 3.800 was July 1,1996. Appellant was sentenced on August 8, 1996, *339 after the effective date of the new statute and rule.
We affirm appellant’s convictions and sentences because the alleged error is neither fundamental nor was it timely raised.
AFFIRMED.
DAUKSCH and GOSHORN, JJ., concur.