698 So.2d 883 (1997)
Frank CALLINS, Appellant,
v.
STATE of Florida, Appellee.
No. 96-2729.
District Court of Appeal of Florida, Fourth District.
August 20, 1997.
Rehearing Denied October 1, 1997.
*884 Richard L. Jorandby, Public Defender, and Mallorye G. Cunningham, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Diana K. Bock, Assistant Attorney General, West Palm Beach, for appellee.
WARNER, Judge.
The day that appellant was convicted and sentenced to probation for drug offenses, appellant was arrested for grand theft of an automobile. Appellant admitted to violating his probation and pleaded guilty to the grand theft, reserving the right to appeal the legality of the sentence imposed. The trial court habitualized appellant in sentencing him to grand theft and used a single scoresheet for the grand theft and the violation of probation with the habitualized grand theft conviction as the primary offense. The trial court sentenced appellant to the statutory maximum of five years for the grand theft, a third degree felony, and to a consecutive sentence of the statutory maximum of five years for the drug charge. We affirm the sentences.
Appellant raises two issues on appeal. First, he contends that the trial court used an incorrect guidelines scoresheet by including the habitual offender conviction for grand theft on the sentencing guidelines scoresheet in sentencing him on the violation of probation. Second, he contends that his habitual offender sentence was illegal because the underlying predicate convictions required for habitual offender status did not exist.
The state contends that neither of these issues was properly preserved for appeal. Since appellant was sentenced for the violation of probation and grand theft charges after July 1, 1996, section 924.051(4), Florida Statutes (Supp.1996), and amended Florida Rule of Criminal Procedure 3.800(b) apply. See Amendments to Florida Rule of Appellate Procedure 9.020(g) and Florida Rule of Criminal Procedure 3.800, 675 So.2d 1374 (Fla.1996) (amendments effective July 1, 1996); Middleton v. State, 689 So.2d 304 (Fla. 1st DCA 1997). Consistent with the requirement of Rule 3.800(b), the appellant filed a motion to correct the sentence. His motion alleged the following:
(A) Defendant was sentenced to five years Florida State Prison as a habitual felony offender in [the grand theft case], consecutive to five years Florida State Prison ... [in the] violation of probation case.
(B) Defendant's sentence is illegal.
(C) Additional sentencing errors.
However, appellant abandoned his motion to correct the sentence by filing a notice of appeal from his judgment of conviction and sentence prior to obtaining a ruling on the motion. The commentary to amended Rule 3.800(b) states that the amendment "provid[es] a vehicle to correct sentencing errors in the trial court and to preserve the issue should the motion be denied." Florida Rule of Appellate Procedure 9.020(g),[1] which was amended to permit the postponement of rendition of an order upon a timely motion to correct sentence or order of probation, provides in pertinent part:
(3) If such a motion or motions have been filed and a notice of appeal is filed before the filing of a signed, written order disposing of all such motions, all motions filed by the appealing party that are pending at the time shall be deemed abandoned, and the final order shall be deemed rendered by the filing of the notice of appeal as to all claims between parties who then have no such motions pending between them. However, a pending motion to correct a sentence or order of probation shall not be affected by the filing of a notice of appeal from a judgment of guilt.
Fla. R.App. P. 9.020(g)(3). Because appellant filed his notice of appeal from his conviction and sentence, he abandoned his motion to correct the sentence.
Since a motion to correct the sentence will postpone rendition of the sentence, any abandonment of that motion, by filing a notice of appeal from a sentence without securing a ruling thereon, will not preserve sentencing errors for appeal unless an objection *885 was made at the sentencing hearing. Thus, the only issue appellant preserved for appeal is the legality of his sentence. Appellant was sentenced within the statutory maximum on both the violation of probation and the grand theft offense. See Davis v. State, 661 So.2d 1193 (Fla.1995) (an illegal sentence is one which exceeds the statutory maximum).
Appellant's reservation of the right to appeal the legality of his sentence is insufficient under section 924.051(4) to preserve the specific points raised in this appeal. "In order to be preserved for further review by a higher court, an issue must be presented to the lower court and the specific legal argument or ground to be argued on appeal or review must be part of that presentation if it is to be considered preserved." Tillman v. State, 471 So.2d 32, 35 (Fla.1985). Moreover, the general statements made by appellant in his abandoned motion to correct the sentence would have been insufficient to preserve the specific points he has raised here. We caution defense counsel that such skeletal allegations of sentencing errors in a motion pursuant to Rule 3.800(b) will not be sufficient to preserve errors for appeal under the amendments to the Rules of Appellate and Criminal Procedure.
We therefore affirm the conviction and sentence.
FARMER and PARIENTE, JJ., concur.
NOTES
[1] Rule 9.020(g) has been relettered as Rule 9.020(h) under the 1997 amendments. Amendments to the Florida Rules of Appellate Procedure, 685 So.2d 773 (Fla.1996).