PER CURIAM.
In this appeal filed pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), the appellant, William Otis Jones, challenges the revocation of his community control, which he admittedly violated. The public defender suggests that Jones’ sentence and certain court costs be reviewed for possible error. We affirm Jones’ sentence; however, we reverse and remand with respect to the imposition of court costs.
The judgment entered upon the revocation of Jones’ community control orders Jones to pay $20 in costs pursuant to section 960.20, Florida Statutes; $3 pursuant to section 943.25(3); $2 pursuant to section 943.25(13); and $269.75 in “other” costs, with no citation to statutory authority.
A trial court “has no discretion to dispense with [mandatory] costs.” Reyes v. State, 655 So.2d 111, 116 (Fla. 2d DCA1995). Though the instant judgment properly imposes $3 in mandatory costs pursuant to section 943.25(3), Florida Statutes (1993), it fails to assess $200 in mandatory costs pursuant to section 27.3455(1) and incorrectly imposes $20 in mandatory costs pursuant to section 960.20 for the Crimes Compensation Trust Fund. The crimes here occurred on October 13, 1994. By that time, section 960.20 had been amended to increase the mandatory cost for the Crimes Compensation Trust Fund to $50. See § 960.20, Fla. Stat. (Supp.1992). See also Reyes, 655 So.2d at 117. Since the foregoing errors are due, at least in part, to the use of an outdated judgment form, we remand for preparation of a proper written judgment reflecting all mandatory costs and the statutory bases for such.
Further, the $2 cost imposed pursuant to section 943.25(13) is a discretionary cost, which was not orally pronounced at sentencing. See Reyes. That cost is therefore *777 stricken. The $269.75 in “other” costs are likewise stricken, as those costs were not orally pronounced at sentencing and the statutory bases for such were not otherwise indicated. Id. See also Kirby v. State, 695 So.2d 889 (Fla. 2d DCA 1997). On remand, the state may seek reimposition of all discretionary costs provided that Jones is given notice and an opportunity to be heard, and the written judgment is otherwise prepared to reflect the statutory authority for each cost. See Kirby, 695 So.2d at 890 (citing Sutton v. State, 635 So.2d 1032 (Fla. 2d DCA 1994)).
Affirmed in part, reversed in part, and remanded for further proceedings.
FRANK, A.C.J., and THREADGILL and ALTENBERND, JJ., concur.