W. SHARP, Judge.
Duer argues on appeal that a condition of probation imposed as part of his sentence is over-broad. He had been convicted and sentenced for three counts of lewd acts on a child,[1] and one count of contributing to the delinquency of a minor.[2] He was sentenced to 7 years in prison, followed by 2 years on community control, followed by 6 years on probation. The state cross-appeals the amount of time served with which he was credited against his sentences. We do not address this issue because it was not preserved for purposes of appeal.
The state concedes the special condition of probation is improper. It reads as follows:
You will not have contact with the following persons, either personally, by telephone, in writing or by message delivered by others: any child under eighteen years of age.
In other cases, this court has held that such a broad condition is improper because the defendant might inadvertently be placed in a situation where children are present, which is beyond his control. See Rowles v. State, 682 So.2d 1184 (Fla. 5th DCA 1996); Near v. State, 678 So.2d 1 (Fla. 5th DCA 1996); Graham v. State, 658 So.2d 642 (Fla. 5th DCA 1995). Accordingly, we remand this cause to the trial court for the purpose of refashioning the condition of probation in order to minimize inadvertent violation.
AFFIRMED in part; REVERSED in part; REMANDED.
DAUKSCH and HARRIS, JJ., concur.

. § 800.04, Fla. Slat. (1995).

. § 827.04, Fla. Stat. (1995).