708 So.2d 617 (1998)
David Lavern MADDOX, Appellant,
v.
STATE of Florida, Appellee.
No. 96-3590.
District Court of Appeal of Florida, Fifth District.
March 13, 1998.
James B. Gibson, Public Defender, and Andrea J. Surette, Assistant Public Defender, Daytona Beach, for Appellant.
No Appearance for Appellee.

EN BANC
GRIFFIN, Chief Judge.
We have elected to hear this Anders[1] case en banc to clarify the scope of section 924.051, Florida Statutes (1996), which was enacted as part of the Criminal Appeal Reform Act. See Ch. 96-248, Laws of Florida. At issue is whether, in a direct appeal, this court may strike costs imposed without statutory authority where the cost issues have never been presented to the trial court. For the reasons which follow, we find the cost issues have not been preserved for review, and we affirm Maddox's sentence.
Maddox entered a plea of nolo contendere to burglary of a structure,[2] preserving his right to appeal the trial court's order denying his motion to suppress. He preserved no other issues for appeal.[3] He was sentenced *618 on December 3, 1996 to five years' probation, with the special condition that he serve 364 days in the county jail. He was also assessed a number of costs, including $1.00 for the police academy and $205 in court costs. Maddox did not contest the assessment of costs at the time he entered his plea, and he did not file a motion to correct his sentence under rule 3.800(b), although the latter two charges are improper. The $1.00 assessment for the police academy is no longer authorized by statute. See Laughlin v. State, 664 So.2d 61 (Fla. 5th DCA 1995); see generally Miller v. City of Indian Harbour Beach, 453 So.2d 107 (Fla. 5th DCA 1984) (explaining the history of the assessment). Additionally, section 27.3455, Florida Statutes (Supp.1996) limits to $200 the "additional court costs" which can be imposed by the trial court.
In Bisson v. State, 696 So.2d 504 (Fla. 5th DCA 1997), this court addressed an analogous cost issue, despite the failure to file a rule 3.800(b) motion or otherwise preserve the issue for review, on the basis that the cost assessment was illegal and the error therefore "fundamental." We now conclude, however, that these issues are not reviewable on appeal unless the error is preserved.
In a direct appeal from a conviction or sentence in a nonplea case, the Criminal Appeal Reform Act permits review of only those errors which are (1) fundamental or (2) have been preserved for review. § 924.051(3), Fla. Stat. The word "preserved," as used in the statute, means that the issue has been presented to, and ruled on by the trial court. § 924.051(1)(a), Fla. Stat. Where a plea of guilty or nolo contendere has been entered, the right of appeal is limited to legally dispositive issues which have been reserved for appeal. § 924.051(4), Fla. Stat. As to this latter category, the Florida Supreme Court quickly held that, in order for this statute to be constitutional, it must be construed "to permit a defendant who pleads guilty or nolo contendere without reserving a legally dispositive issue to nevertheless appeal a sentencing error, providing it has been timely preserved by motion to correct the sentence." See Amendments to the Florida Rules of Appellate Procedure, 685 So.2d 773, 775 (Fla. 1996). The reference to "sentencing errors" appears to include those that are unlawful, as well as those that are illegal, despite the Supreme Court's reference in its opinion to Robinson v. State, 373 So.2d 898 (Fla.1979).[4]
Recognizing that, in the sentencing arena, the new legislation would preclude the appeal of many sentencing errors which formerly were routinely corrected on direct appeal (such as nonfundamental sentencing errors apparent on the face of the record),[5] the supreme court set about creating a method for a criminal defendant to obtain relief from sentencing errors not preserved at the time of sentencing. In essence, the court created a sort of post-hoc device for preserving such sentencing errors for appeal. Fla. R.Crim. P. 3.800(b). Any error not complained of at the time of sentence could be complained of in the trial court after sentencing, if done in accordance with the new rule. Thus, at approximately the same time section 924.051 became effective, the Florida Supreme Court, by emergency amendment to Florida *619 Rule of Criminal Procedure 3.800, permitted the filing of a motion to correct a sentence entered by the trial court, provided the motion was filed within ten days (now thirty) of the date of rendition of the sentence. See Amendments to Florida Rule of Appellate Procedure 9.020(g) and Florida Rule of Criminal Procedure 3.800, 675 So.2d 1374 (Fla.1996). Only then, if not corrected by the trial court, could it be raised on appeal because it had been "preserved." Although rule 3.800 by its terms traditionally had been limited to illegal sentences, subsection (b) of the rule, as amended, more broadly applies to any sentencing error. 675 So.2d at 1375.[6] The Rule 3.800(a) procedure remains available to correct an illegal sentence at any time.
The court also clarified in the amendments to the Florida Rules of Appellate Procedure that direct appellate review of any sentencing error in a nonplea case is prohibited if the issue has not first been presented to the trial court. 685 So.2d at 801. The amendments, which became effective January 1, 1997, provide:
(d) Sentencing Errors. A sentencing error may not be raised on appeal unless the alleged error has first been brought to the attention of the lower tribunal:
(1) at the time of sentencing; or
(2) by motion pursuant to Florida Rule of Criminal Procedure 3.800(b).
Fla. R.App. P. 9.140(d). The amended appellate rules applicable to pleas of guilty or no contest similarly now limit the right of appeal to those sentencing errors which have been preserved for review. 685 So.2d at 799-800.
(2) Pleas. A defendant may not appeal from a guilty or nolo contendere plea except as follows:
(A) A defendant who pleads guilty or nolo contendere may expressly reserve the right to appeal a prior dispositive order of the lower tribunal, identifying with particularity the point of law being reserved.
(B) A defendant who pleads guilty or nolo contendere may otherwise directly appeal only
(i) the lower tribunal's lack of subject matter jurisdiction;
(ii) a violation of the plea agreement, if preserved by a motion to withdraw plea;
(iii) an involuntary plea, if preserved by a motion to withdraw plea;
(iv) a sentencing error, if preserved; or
(v) as otherwise provided by law.
Fla. R.App. P. 9.140(b)(2).
The net effect of the statute and the amended rules is that no sentencing error can be considered in a direct appeal unless the error has been "preserved" for review, i.e. the error has been presented to and ruled on by the trial court. This is true regardless of whether the error is apparent on the face of the record. And it applies across the board to defendants who plead and to those who go to trial. As for the "fundamental error" exception, it now appears clear, given the recent rule amendments, that "fundamental error" no longer exists in the sentencing context. The supreme court has recently distinguished sentencing error from trial error, and has found fundamental error only in the latter context. Summers v. State, 684 So.2d 729, 729 (Fla.1996) ("The trial court's failure to comply with the statutory mandate is a sentencing error, not fundamental error, which must be raised on direct appeal or it is waived."); Archer v. State, 673 So.2d 17, 20 (Fla.) ("Fundamental error is `error which reaches down into the validity of the trial itself to the extent that a verdict of guilty could not have been obtained without the assistance of the alleged error.'"), cert. denied, ___ U.S. ___, 117 S.Ct. 197, 136 L.Ed.2d 134 (1996). It appears that the supreme court has concluded that the notion of "fundamental error" should be limited to trial errors, not sentencing errors. The high court could have adopted a rule that paralleled the Criminal Appeal Reform Act, which would allow for review of fundamental errors in nonplea cases, but the court did not do so and made clear in its recent amendment to *620 rule 9.140 that unpreserved sentencing errors cannot be raised on appeal.
The language of Rule 9.140(b)(2)(B)(iv) could not be clearer. And why should there be "fundamental" error where the courts have created a "failsafe" procedural device to correct any sentencing error or omission at the trial court level? Elimination of the concept of "fundamental error" in sentencing will avoid the inconsistency and illogic that plagues the caselaw and will provide a muchneeded measure of clarity, certainty and finality. Even those who remain committed to the concept of "fundamental error" in the sentencing context would be hard pressed to identify errors at sentencing that are serious enough to require correction in the absence of objection at the trial level. The supreme court has concluded that the only type of sentencing error that is even "illegal" is a sentence that exceeds the statutory maximum. Davis v. State, 661 So.2d 1193, 1196. Yet, under the current statutory sentencing scheme, a sentence can exceed the maximum if warranted by the guidelines score. § 921.0014(1)(a), Fla. Stat. (1996). Here we are dealing with a $1 assessment and a $5 overcharge. If an improper $1 cost assessment is "fundamental error," then any sentencing error, no matter how minor, would be fundamental.
We recognize that the scope of our opinion will be affected by the definition given to the term "sentencing errors." Some errors which occur at sentencing might be categorized as due process violations, see Richardson v. State, 694 So.2d 147 (Fla. 1st DCA 1997), a violation of the plea agreement, see Green v. State, 700 So.2d 384 (Fla. 1st DCA 1997),[7] or even clerical error. See Johnson v. State, 701 So.2d 382 (Fla. 1st DCA 1997); Massey v. State, 698 So.2d 607 (Fla. 5th DCA 1997). Additionally, fines and penalties are not always imposed as part of a defendant's sentence, but may constitute a civil penalty. See, e.g., Bull v. State, 548 So.2d 1103 (Fla. 1989). All such errors, however, are properly regarded as "sentencing errors" within the meaning of section 924.051. Creating such multiple categories of errors which occur at sentencing also would result in the anomalies already seen in the current case law, wherein the courts (including this court) have reviewed minimal attorneys fees[8] and various cost assessments,[9] but refuse to review the wrongful imposition of a departure sentence or illegal habitualization without compliance with the dictates of section 924.051. See Colligan v. State, 701 So.2d 910 (Fla. 4th DCA 1997) (habitualization); Cowan v. State, 701 So.2d 353 (Fla. 1st DCA 1997) (departure sentence); Johnson v. State, 697 So.2d 1245 (Fla. 1st DCA 1997) (departure sentence); Middleton v. State, 689 So.2d 304 (Fla. 1st DCA 1997) (habitualization).
In view of our holding today, we must recede from several of our earlier opinions. As indicated, this court will no longer recognize fundamental error in the sentencing context, contrary to the statements made in Medberry v. State, 699 So.2d 857 (Fla. 5th DCA 1997), Saldana v. State, 698 So.2d 338 (Fla. 5th DCA 1997), Rangel v. State, 692 So.2d 277 (Fla. 5th DCA 1997), Ortiz v. State, 696 So.2d 916 (Fla. 5th DCA 1997) and Bisson v. State, 696 So.2d 504 (Fla. 5th DCA 1997). Nor will this court address illegal *621 sentences on direct appeal, unless the issue has been preserved for review either by objection in the trial court or by means of a 3.800(b) motion for post-conviction relief. Cf. Ortiz. We stress, however, that rule 3.800(a) is always available to obtain collateral review of an illegal sentence. Moreover, where properly preserved for review, both unlawful and illegal sentences can be addressed on direct appeal, regardless of whether a plea is involved. Cf. Robinson (limiting right of appeal to illegal sentences); Miller v. State, 697 So.2d 586 (Fla. 1st DCA 1997); Stone v. State, 688 So.2d 1006, 1007-08 (Fla. 1st DCA 1997).
Given our interpretation of section 924.051, we necessarily disagree with contrary results reached by other district courts of appeal, particularly insofar as these courts have continued to recognize fundamental error in the sentencing context. See, e.g., Chojnowski v. State, 705 So.2d 915 (Fla. 2d DCA 1997); Pryor v. State, 22 Fla. L. Weekly D2500 (Fla. 3d DCA Oct.29, 1997); Johnson, 701 So.2d at 382-383; Cowan, 701 So.2d at 353; Callins v. State, 698 So.2d 883 (Fla. 4th DCA 1997). We also disagree that sentencing errors can be raised on direct appeal without preservation, simply because the sentence that results is illegal. See, e.g., State v. Hewitt, 702 So.2d 633 (Fla. 1st DCA 1997); Sanders v. State, 698 So.2d 377 (Fla. 1st DCA 1997). Finally, it seems clear that review under section 924.051 is broader than that permitted under Robinson, in that it extends to unlawful sentences, if properly preserved.
At the intermediate appellate level, we are accustomed to simply correcting errors when we see them in criminal cases, especially in sentencing, because it seems both right and efficient to do so. The legislature and the supreme court have concluded, however, that the place for such errors to be corrected is at the trial level and that any defendant who does not bring a sentencing error to the attention of the sentencing judge within a reasonable time cannot expect relief on appeal. This is a policy decision that will relieve the workload of the appellate courts and will place correction of alleged errors in the hands of the judicial officer best able to investigate and to correct any error. Eventually, trial counsel may even recognize the labor-saving and reputation-enhancing benefits of being adequately prepared for the sentencing hearing. Certainly, there is little risk that a defendant will suffer an injustice because of this new procedure; if any aspect of a sentencing is "fundamentally" erroneous and if counsel fails to object at sentencing or file a motion within thirty days in accordance with the rule, the remedy of ineffective assistance of counsel will be available. It is hard to imagine that the failure to preserve a sentencing error that would formerly have been characterized as "fundamental" would not support an "ineffective assistance" claim.
The defendant in this case was sentenced on December 3, 1996 after entering a plea of no contest. He did not contest the assessment of costs at sentencing, and he did not file a motion to correct his sentence under rule 3.800(b). Thus, neither cost issue has been preserved for review and neither issue can be addressed on appeal.
AFFIRMED.
DAUKSCH, COBB, W. SHARP, GOSHORN, HARRIS, PETERSON and ANTOON, JJ., concur.
THOMPSON, J., concurs and dissents in part, with opinion, in which DAUKSCH, J., concurs.
THOMPSON, Judge, concurring in part, dissenting in part.
To the extent that the decision recedes from prior opinions of this court, I agree with the majority that cost assessments cannot be reviewed as fundamental error. See Medberry; Rangel; Ortiz; Bisson. However, I do not agree there is support for the statement, which I consider to be dictum, that the Florida Supreme Court has eliminated "fundamental error" in the sentencing context. This court cites Summers and Archer in support of this statement, but the cases stand for different principles.
In Summers, the supreme court answered a certified question dealing with juvenile sentencing. The issue before the court was whether a trial court's failure to consider the criteria of section 39.05(7)(c), Florida Statutes (1991) and contemporaneously reduce its *622 evaluations and findings to writing could be raised collaterally. The court, relying on its decision in Davis v. State, 661 So.2d 1193 (Fla.1995), held that absent a contemporaneous objection, "[T]he trial court's failure to comply with the statutory mandate is a sentencing error, not fundamental error, which must be raised on direct appeal or it is waived." Summers, at 729. Davis stands first for the principle that the failure of the trial court to file contemporaneous written reasons for a departure sentence which is within the statutory maximum is not an illegal sentence. Id. at 1196. Second, it stands for the principle that the failure of the trial court to file contemporaneous written reasons is not fundamental error if the sentence is within the statutory maximum. Id. at 1197.
Archer was a death penalty resentencing case. The issue on appeal relevant to this case was fundamental error as related to the failure of the trial court to give the reasonable doubt instruction to the resentencing jury. The defendant did not make a contemporaneous objection at trial and attempted to raise the issue for the first time on appeal. The supreme court held that the failure of the trial court to give a jury instruction defining reasonable doubt at the resentencing was not fundamental error. Id. at 20. Since the defendant did not object, review could only be granted if there was fundamental error. Repeating the definition of fundamental error from State v. Delva, 575 So.2d 643, 644-645 (Fla.1991) (quoting Brown v. State, 124 So.2d 481, 484 (Fla.1960)), the supreme court found no fundamental error because there is no constitutional requirement that a trial court define reasonable doubt. The definition of fundamental error is accurate, but in no manner supports the conclusion that the supreme court has done away with fundamental error in sentencing.
I agree the supreme court is narrowing the idea of fundamental error. See e.g. J.B. v. State, 705 So.2d 1376 (Fla.1998); Davis. In J.B., the court held that there was no fundamental error at trial in the admission of a confession although there was no independent proof of corpus delicti. Although J.B. did not involve a sentencing error, it is obvious the supreme court is reexamining the fundamental error doctrine in Florida and is narrowing its application. However, I believe it is left to be seen whether the court will adopt, as does the majority, the rule that "no sentencing error can be considered in a direct appeal unless the error has been `preserved' for review i.e. the error has been presented to and ruled on by the trial court. This is true regardless of whether the error is apparent on the face of the record." At this juncture, I do not think we can say that the supreme court has definitively eliminated fundamental sentencing error or direct review thereof. That statement must be made by the supreme court and must be unequivocal. Therefore, I agree with the holding on costs, but disagree with the statement that fundamental error no longer exists in the sentencing context. I would also certify this issue to the supreme court.
DAUKSCH, J., concurs.
NOTES
[1] See Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).
[2] § 810.02, Fla. Stat. (1995).
[3] As to the motion to suppress, we find no error. See Florida v. Bostick, 501 U.S. 429, 111 S.Ct. 2382, 115 L.Ed.2d 389 (1991); see also Popple v. State, 626 So.2d 185 (Fla. 1993); Hosey v. State, 627 So.2d 1289 (Fla. 5th DCA 1993), review denied, 639 So.2d 978 (Fla. 1994).
[4] It is likely that when Robinson v. State, 373 So.2d 898 (Fla. 1979) was decided, the term "illegal sentence" was understood to have a somewhat broader meaning than later explained in Davis v. State, 661 So.2d 1193 (Fla.1995). In Robinson, the court held that a defendant who pleads guilty is permitted to appeal the unreserved issues of illegality of his sentence, subjectmatter jurisdiction, the failure of the government to abide by a plea agreement, and the voluntary and intelligent character of the plea. The supreme court has now said that the statute must be construed to permit an appeal of all "sentencing errors," assuming those errors have been preserved for review. 685 So.2d at 775.
[5] Under the court's prior decisions, an exception to the requirement of preservation of error was made for sentencing errors apparent on the face of the record, which were reviewable on direct appeal, even in the absence of a contemporaneous objection and regardless of whether the error was fundamental, since as to these errors the purpose of the contemporaneous objection rule was not present. See generally State v. Montague, 682 So.2d 1085 (Fla.1996) (stating that contemporaneous objection rule does not apply to sentencing errors apparent on face of record, and such errors may be raised for first time on appeal); Davis v. State, 661 So.2d at 1197; cf. Taylor v. State, 601 So.2d 540 (Fla. 1992) (sentencing errors requiring resolution of factual matters not contained in record cannot generally be raised for first time on appeal).
[6] At the same time it amended rule 3.800, the Florida Supreme Court also amended Florida Rule of Appellate Procedure 9.020(g) to toll the time for taking an appeal upon the filing of a motion to correct a sentence or order of probation. 675 So.2d at 1375.
[7] The problem addressed in Green has now been corrected by the promulgation of Florida Rule of Criminal Procedure 3.170(l), which requires a motion to withdraw a plea where there has been a failure to abide by the terms of the plea.
[8] See, e.g., Louisgeste v. State, 706 So.2d 29 (Fla. 4th DCA 1998), Strickland v. State, 693 So.2d 1142 (Fla. 1st DCA 1997), Beasley v. State, 695 So.2d 1313 (Fla. 1st DCA 1997), Neal v. State, 688 So.2d 392 (Fla. 1st DCA), review denied, 698 So.2d 543 (Fla. 1997).
[9] Bowen v. State, 702 So.2d 298 (Fla. 1st DCA 1997) (striking payment of $100 to the Drug Abuse Trust Fund and $100 to the Florida Crime Lab because order failed to cite statutory authority for these costs); Jones v. State, 700 So.2d 776 (Fla. 2d DCA 1997) (striking imposition of discretionary costs where costs were not orally pronounced at sentencing and the statutory bases for such were not otherwise indicated); Fisher v. State, 697 So.2d 1291 (Fla. 1st DCA 1997) (striking costs and fines which were imposed against defendant, but for which no statutory authority was cited); Hopkins v. State, 697 So.2d 1009 (Fla. 4th DCA 1997) (striking imposition of costs not orally announced at sentencing); James v. State, 696 So.2d 1268 (Fla. 2d DCA 1997) (striking investigative costs because they were imposed without request and without appropriate supporting documentation).