PER CURIAM.
We reverse the order denying post-conviction relief on appellant’s claim that he received ineffective assistance of counsel. This allegation was based on counsel’s failure to preserve for direct appeal appellant’s argument that the trial court used an incorrect guidelines scoresheet by including a new habitual offender conviction for grand theft on the sentencing guidelines scoresheet for violation of his existing probation. On direct appeal, we found that the issue had been abandoned when appellant’s counsel filed a notice of appeal before obtaining a ruling on his motion to correct sentence. We also noted that the abandoned motion was not legally sufficient. See Callins v. State, 698 So.2d 883, 884 (Fla. 4th DCA 1997).
On remand, the trial court shall either attach excerpts from the record that conclusively refute appellant’s claim or hold an evidentiary hearing to determine whether he is entitled to correction of his sentence. We affirm the denial of relief on the remaining allegations in appellant’s post-conviction motion.
WARNER, FARMER and TAYLOR, JJ., concur.