GOSHORN, J.
Charles Harris was found guilty as charged of one count of delivery of cocaine and one count of possession of cocaine. Pretrial, Harris unsuccessfully moved to strike the jury panel on the ground that it was selected from registered voters rather than licensed drivers as required by section 40.01, Florida Statutes (1997). Section 40.01 provides:
Jurors shall be taken from the male and female persons at least 18 years of age who are citizens of the United States and legal residents of this state and their respective counties and who possess a driver’s license or identification card issued by the Department of Highway Safety and Motor Vehicles pursuant to chapter 322 or who have executed the affidavit prescribed in s. 40.011.
Section 40.01 became effective January 1, 1998. See Ch. 91-424, § 1, Laws of Fla. (1991).
Although Harris’s trial was held in January 1998, it is undisputed that the venire was summoned in December, prior to the effective date of the statute. When Harris objected at trial to the seating of a jury drawn from the voter registration roles, the trial court confirmed with the jurors that each held a driver’s license. Harris has not argued he was prejudiced, nor do we see how he could have been. When the venire was chosen, it was chosen in accordance with the law. The trial court properly -denied Harris’s motion to strike the jury panel.
Harris also argues that the court erred in imposing a public defender’s lien without notice and an opportunity to be heard. His failure to object or move to correct his sentence renders the issue unpre-served for appellate review. See Maddox v. State, 708 So.2d 617, 621 (Fla. 5th DCA 1998), pet. for review granted, 718 So.2d 169 (Fla.1998).
AFFIRMED.
DAUKSCH and ANTOON, JJ., concur.