W. SHARP, J.
Duer appeals from the summary denial of his motion filed pursuant to Florida Rule of Criminal Procedure 3.850. He seeks to have his two-year community control sentence, which was to follow a seven-year prison term, stricken because it was not part of his plea agreement. Duer also argues he should be resentenced because the state failed to prove the dates and time the offenses occurred in one criminal case, thereby causing him to serve 85% of his sentence pursuant to section 944.275(4)(b), Florida Statutes, which applies to offenses committed on or after October 1, 1995. We affirm.
In 1996, Duer pled nolo contendere to three counts of performing a lewd act on a child[1] and one count of contributing to the *1085 delinquency of a minor.[2] In exchange, the state nol prossed a number of other counts. Pursuant to the plea agreement, Duer was to be adjudicated on the four counts, each of which involved a separate victim. He agreed to be sentenced to seven years total .on all counts, to run concurrently, and for probation after prison, with a cap of twenty-two years. At sentencing the judge imposed a sentence consistent with the plea agreement, except for a two-year term on community control: three concurrent seven-year prison terms for the three felonies, followed by two years of community control with the sex-offender program, followed by six years of probation on each of the felony counts, to be served consecutively.
Duer did not raise the issue of the propriety of the community control portion of his sentence at the sentencing hearing, nor did he timely file a motion to correct the sentence within thirty days after rendition, pursuant to Florida Rule of Criminal Procedure 3.800(b). He did bring a direct appeal to this court, but failed to raise either of the alleged sentencing errors argued in this proceeding. Duer v. State, 701 So.2d 1273 (Fla. 5th DCA 1997).
With regard to the community control provision, we think this issue is one that could have been raised in the direct appeal. Therefore, raising it in this proceeding is improper. See, e.g., Robinson v. State, 707 So.2d 688 (Fla.1998) (post-conviction claims procedurally barred when they could have been raised on direct appeal); Rose v. State, 675 So.2d 567 (Fla.1996) (claims barred which were or should have been raised on appeal). Further, had Duer raised it in his direct appeal, it would have failed because he never sought to withdraw his plea of no contest pursuant to Florida Rule of Appellate Procedure 9.140(b) (2) (B) (ii). Duer’s appeal was brought prior to our decision in Maddox v. State, 708 So.2d 617 (Fla. 5th DCA) (en banc), rev. granted, 718 So.2d 169 (Fla.1998). Thus, contrary to defendant’s assertion, our reason for affirming the trial court’s decision in this proceeding does not depend upon Maddox or rule 3.800(b). ■
With regard to the second issue, that the state did not prove as part of its factual basis at the plea hearing the exact date and time of some of the offenses, Duer has not established any error occurred. At the sentencing hearing there was no discussion. concerning what percentage of time he would have to serve, and Duer does not allege he entered his plea based on any particular expectation. See Caballero v. State, 696 So.2d 505 (Fla. 5th DCA 1997). As pointed out above, Duer has never sought to withdraw his plea based on a misconception on his part that he would serve a shorter percentage of time than will be required, so this issue has not been preserved. But even if it had been, Duer does not allege under oath that he would not have entered his nolo plea had he correctly understood the percentages, and thus there is no valid basis to withdraw the plea.
AFFIRMED.
THOMPSON and ANTOON, JJ., concur.

. § 800.04(3), (4), Fla. Stat. (1993), (1995).

. § 827.04(3), Fla. Stat. (1993).