881 So.2d 685 (2004)
Derrick S. ELLIS, Appellant,
v.
STATE of Florida, Appellee.
No. 5D04-2036.
District Court of Appeal of Florida, Fifth District.
August 27, 2004.
Derrick Ellis, Bushnell, pro se.
Charles J. Crist, Jr., Attorney General, Tallahassee and Carmen F. Corrente, Assistant Attorney General, Daytona Beach, for Appellee.
PALMER, J.
Derrick S. Ellis (defendant) appeals the trial court's summary denial of his rule 3.800 motion, in which he argued that the court erred in imposing a sentence which exceeds the applicable statutory maximum penalty. See Fla. R.Crim. P. 3.800. We reverse.
*686 The defendant was convicted of and sentenced for committing three second degree felonies. On direct appeal, his sentencing as an habitual felony offender was reversed,[1] and thereafter the defendant was resentenced to a term of life imprisonment on all three convictions. The defendant then filed a rule 3.800(a) motion seeking post-conviction relief in which he correctly pointed out that, in imposing the life imprisonment terms, the trial court exceeded the statutory maximum penalty allowed for second degree felonies. However, the trial court summarily denied the motion and this appeal followed. On appeal, the State commendably concedes error. In that regard, although subsequent versions of Florida's sentencing guidelines authorize the trial court to impose a guidelines sentence which exceeds the applicable statutory maximum penalty,[2] the sentencing guidelines in effect in 1989, the year the defendant committed his crimes, did not allow a sentence to exceed the statutory maximum penalty. See Fla. R.Crim. P. 3.701(d)(10). Accordingly, the trial court could not properly impose sentences greater than 15 years on each count.
REVERSED and REMANDED for RESENTENCING.
SHARP, W., and MONACO, JJ., concur.
NOTES
[1] See Ellis v. State, 608 So.2d 514 (Fla. 5th DCA 1992).
[2] See Fla. R.Crim. P. 3.703(d)(28).