577 So.2d 997 (1991)
STATE of Florida, Appellant,
v.
Alfred B. ROLLE, Appellee.
No. 90-0462.
District Court of Appeal of Florida, Fourth District.
April 10, 1991.
Robert A. Butterworth, Atty. Gen., Tallahassee and James J. Carney, Asst. Atty. Gen., West Palm Beach, for appellant.
Patrick C. Rastatter of Glass & Rastatter, P.A., and Marc Finkelstein, Fort Lauderdale, for appellee.
PER CURIAM.
The order granting the defendant's motion to dismiss the charges of burglary *998 of a structure and grand theft is reversed. Appellee was charged with unlawfully entering a structure "or the curtilage thereof." His sworn motion to dismiss indicated that the truck under which Mr. Rolle was seen emerging "had been backed in through the garage door." The officer's testimony on which appellee also relied indicated that the truck went through a gate.
In DeGeorge v. State, 358 So.2d 217 (Fla. 4th DCA 1978), we held that the "curtilage" applied to commercial structures as well as that of a dwelling place. A person is guilty of burglary by entering or remaining in a structure which by definition includes its curtilage. § 810.011(1) and § 810.02(1), Fla. Stat. (1989). The evidence here makes out a prima facie case that appellee was on the curtilage of the commercial building. The question of his intent in being there is not a proper issue to be decided on a motion to dismiss under Florida Rule of Criminal Procedure 3.190(c)(4). State v. Evans, 394 So.2d 1068 (Fla. 4th DCA 1981).
We therefore reverse and remand for further proceedings.
GLICKSTEIN, DELL and WARNER, JJ., concur.