632 So.2d 132 (1994)
Dexter ANDERSON, Appellant,
v.
STATE of Florida, Appellee.
No. 93-1046.
District Court of Appeal of Florida, Fourth District.
February 9, 1994.
*133 Richard L. Jorandby, Public Defender, and Anthony Calvello, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Carol Cobourn Asbury, Asst. Atty. Gen., West Palm Beach, for appellee.
BROWN, LUCY, Associate Judge.
We affirm appellant's conviction for sale of a substance in lieu of a controlled substance, in violation of section 817.563(1), Florida Statutes (1991), and reverse his sentence which was predicated on the trial court's erroneous classification of appellant as a habitual felony offender. The judgment assessing costs is reversed to the extent that it assessed costs for this appeal.
Appellant's claims of error by the trial court relative to his conviction are without merit. In sentencing the appellant, however, the trial court improperly classified him as a habitual felony offender pursuant to section 775.084(1)(a)(1), Florida Statutes (1991), which provides for enhanced penalties where the offender "has previously been convicted of any combination of two or more felonies in this state... ."
The second felony conviction relied upon by the court as a basis for enhancing appellant's sentence was on appeal at the time of sentencing. A conviction under appeal is non-final and cannot be a predicate to a finding of habitual offender status. Delguidice v. State, 554 So.2d 35 (Fla. 4th DCA 1990); State v. Villafane, 444 So.2d 71 (Fla. 4th DCA 1984). Accordingly, we reverse appellant's sentence and remand for resentencing.
Before appellant's sentencing hearing, the trial court entered a judgment for costs which included the following provision:
If the defendant appeals the conviction in this case, upon receipt of a Mandate from the Appellate Court affirming such conviction, this Court shall enter a further judgment against said defendant for the costs incurred in preparing the record on appeal herein and the filing fee for filing said appeal with the Appellate Court.
Without permission from the appellate court, the trial court cannot award appellate costs. These costs may be taxed in favor of the prevailing party, pursuant to Florida Rule of Appellate Procedure 9.400(a), which "explicitly provides for taxation of costs by the lower tribunal on motions heard within 30 days after issuance of the mandate  but not before." Boyer v. Boyer, 588 So.2d 615, 617 (Fla. 5th DCA 1991).
We, therefore, reverse the trial court's anticipatory and unauthorized award of appellate costs.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
GLICKSTEIN and FARMER, JJ., concur.