PER CURIAM.
The defendant raises four issues in this appeal. It is apparent that the state agrees that issues three and four have merit. We agree with the state that only these issues have merit.
Issue three involved the state’s failure to recommend to the court that the defendant receive 20 years on all counts when the defendant agreed to change his plea to count V, having previously been found guilty on counts I through IV based upon this representation. Because the state did agree to make this recommendation at the sentencing and failed to do so, the case must be reversed and remanded to allow the defendant to withdraw his plea to count V. Santobello v. New York, 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971); Lee v. State, 501 So.2d 591 (Fla.1987); and Short v. State, 567 So.2d 61 (Fla. 4th DCA 1990).
As to the fourth issue, the trial court assessed appellate costs against the defendant prospectively. There is no authority for such an imposition of costs. Anderson v. State, 632 So.2d 132 (Fla. 4th DCA 1994).
The portion of the judgment sentencing the defendant to ten years consecutively on count V is reversed to allow the defendant to withdraw his plea. That portion of the judgment assessing prospective appellate costs is also reversed. In all other respects, the case is affirmed.
FARMER and PARIENTE, JJ., and MAY, MELANIE G., Associate Judge, concur.