650 So.2d 83 (1995)
Eugene C. BAIN, Appellant,
v.
STATE of Florida, Appellee.
No. 94-0437.
District Court of Appeal of Florida, Fourth District.
January 4, 1995.
Rehearing and Certification Denied February 23, 1995.
*84 Richard L. Jorandby, Public Defender, and Ellen Morris, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Georgina Jimenez-Orosa, Asst. Atty. Gen., West Palm Beach, for appellee.
PER CURIAM.
We reverse the defendant's judgment and sentence for burglary, and remand with direction that he be adjudicated and sentenced for trespass, which is the relief expressly sought in appellant's initial brief. There was no proof that the defendant entered the school cafeteria nor any curtilage, the building not having been enclosed in any manner. Hamilton v. State, 645 So.2d 555 (Fla. 2d DCA 1994); State v. Rolle, 577 So.2d 997 (Fla. 4th DCA 1991); DeGeorge v. State, 358 So.2d 217 (Fla. 4th DCA 1978); Fla.Std. Jury Inst. (Crim.) 135, 135-36.[1]
On remand, we caution the trial court against making the same errors when resentencing the defendant as it made when it originally sentenced him. When assessing prosecution costs, the trial court should consider the amount of the state's expenses and the defendant's ability to pay. § 939.01(5), Fla. Stat. (1993). The defendant must be afforded an opportunity to be heard and offer objections to the amount of public defender fees and costs assessed against him. § 27.56(7), Fla. Stat. (1993). Finally, the trial court may not award appellate costs before the issuance of a mandate. Anderson v. State, 632 So.2d 132 (Fla. 4th DCA 1994).
HERSEY, GLICKSTEIN and KLEIN, JJ., concur.
NOTES
[1] The standard jury instruction for burglary defines structure as "any building of any kind, either temporary or permanent, that has a roof over it, and the enclosed space of ground and outbuildings immediately surrounding that structure." (Emphasis added).