651 So.2d 1274 (1995)
In the Interest of L.B., a child.
No. 94-0579.
District Court of Appeal of Florida, Fourth District.
March 15, 1995.
Richard L. Jorandby, Public Defender, and Eric M. Cumfer, Asst. Public Defender, West Palm Beach, for appellant L.B.
Robert A. Butterworth, Atty. Gen., Tallahassee, and John Tiedemann, Asst. Atty. Gen., West Palm Beach, for appellee State of Fla.
POLEN, Judge.
L.B. pled no contest to the delinquency petition charging him with burglary of a dwelling and grand theft. The court withheld adjudication and placed L.B. on community control with the Judicial Alternative Services Program (JASP). The court also entered a written order imposing a special public defender fee in the amount of $290.00, and filing fees and the costs of an appeal in the event an appeal is taken and the judgment is affirmed. We find error with regard to both the special public defender fee and the prospective costs of an unsuccessful appeal.
The trial court erred in imposing the special public defender fee because L.B. was not afforded adequate notice and opportunity to be heard as to the imposition of these fees. Section 27.56, Florida Statutes (1993), provides in pertinent part:
(7) The court having jurisdiction of the defendant-recipient may, at any such stage of the proceedings as the court may deem appropriate, determine the value of the services of the public defender, special assistant *1275 public defender, or appointed private legal counsel and costs, at which time the defendant-recipient or parent, after adequate notice thereof, shall have opportunity to be heard and offer objection to the determination, and to be represented by counsel, with due opportunity to exercise and be accorded the procedures and rights provided in the laws and court rules pertaining to civil cases at law.
(Emphasis added.) See also Reed v. State, 603 So.2d 69, 71 (Fla. 4th DCA 1992) (there was error in imposing public defender fee without required notice and hearing). L.B. was clearly not afforded the requisite notice and opportunity to be heard, as the trial court simply awarded the fee at the sentencing hearing after asking the special public defender if there was a fee. We further reject the state's argument that L.B. waived his right to appellate review of the imposition of the special public defender fee. See McMahon v. State, 561 So.2d 1284 (Fla. 5th DCA 1990) (due process requirement that criminal defendant receive adequate notice and opportunity to be heard was fundamental and was not subject to requirement of contemporaneous objection and implied waiver); Bull v. State, 548 So.2d 1103 (Fla. 1989) (defendant's failure to object or request hearing after adequate notice of the right to a hearing on the amount of lien for fees for appointed attorney constituted waiver) (emphasis added).
It was also error for the trial court to enter an order stating that if L.B. took an appeal that was affirmed, the court would enter a judgment for the costs of the appeal and the filing fee. See Anderson v. State, 632 So.2d 132 (Fla. 4th DCA 1994) (without permission from the appellate court, the trial court cannot award appellate costs; these costs may be taxed in favor of the prevailing party, pursuant to Florida Rule of Appellate Procedure 9.400(a), which "explicitly provides for taxation of costs by the lower tribunal on motions heard within 30 days after issuance of the mandate but not before"). Not only was it improper for the trial court to award the costs of an appeal prospectively, but such an award would have a chilling effect on a defendant's right to appeal, which this court will not condone.
L.B. also argues that there was no substantial competent evidence to support the $10,000.00 restitution award. However, we find no error in that regard, and attribute reversal only to the error in imposing the special public defender fee and the prospective costs of an unsuccessful appeal.
STONE and KLEIN, JJ., concur.