PARIENTE, Judge.
Defendant appeals from the trial court’s imposition of attorney’s fees and prospective appellate costs. We reverse the assessment of prospective appellate costs and remand on the issue of attorney’s fees to afford defendant the opportunity to contest the amount imposed.
Defendant, who had been declared indigent and was represented by a special public defender, entered a plea of no contest to violation of probation and various felony charges in two cases. His written plea included the following:
I understand that at the time of sentencing the Office of the Public Defender/Special Public Defender will request that the Court assess attorney fees in the sum of $1200.00, and costs in the sum of — 0—for my representation in this case be paid to Indian River County. These fees and costs my [sic] be made a condition of any sentence or order of probation and will be a lien against my real and personal property. I understand that I have the right to contest the amount of these fees and costs or my ability to pay and that if these matters are contested a hearing will be held at the time I am sentenced.
(Emphasis supplied).
After the court had accepted defendant’s no contest plea and pronounced sentence at a hearing, the following colloquy ensued:
THE COURT: ... You’re special public defender in both these eases?
DEFENSE COUNSEL: Yes, your Honor. (Inaudible) twelve hundred dollars Appointed by the Governor’s office, [sic]
THE COURT: All right. Mr. Reese, do you believe that twelve hundred dollars is a fair fee for your attorney in these two cases?
DEFENDANT: No, sir.
THE COURT: Web, I find that the twelve hundred dollars is a, six hundred dollars on each case, is a reasonable fee for the public defender, special public defender, so a public defender fee of six hundred dollars is awarded in each case.
(Emphasis supplied). The trial court subsequently entered written orders requiring defendant to pay public defender fees pursuant to section 27.56, Florida Statutes, in the total amount of $1200.
Section 27.56(l)(a), Florida Statutes (1995), provides for the assessment of attorney’s fees against a defendant pleading nolo contendere who has received the assistance of a special public defender. See McDonald v. State, 631 So.2d 1137, 1137 (Fla. 4th DCA 1994). A public defender fee, however, “may not be imposed without notice and the opportunity for meaningful consideration.” John *895 son v. State, 655 So.2d 238, 238 (Fla. 4th DCA), dismissed, 660 So.2d 713 (Fla.1995). Section 27.56(7), Florida Statutes (1995), specifically provides that at the time the trial court determines the amount of fees, the defendant:
after adequate notice thereof, shall have opportunity to be heard and offer objection to the determination, and to be represented by counsel, with due opportunity to exercise and be accorded the procedures and rights provided in the laws and court rules pertaining to civil cases at law.
(Emphasis supplied). Even where the amount assessed appears reasonable, a trial court must still advise a defendant of his or her right to a hearing to contest the proposed amount. See Fla.R.Crim.P. 3.720(d)(1); Bourque v. State, 595 So.2d 222 (Fla. 2d DCA 1992).
Here, although defendant had notice of the special public defender’s intent to seek $1200 in attorney’s fees, he was not given an opportunity to be heard on his objection and contest the amount during the sentencing hearing. The state’s argument that the amount was a “preset” condition of the plea agreement is contrary to the plain language of the plea agreement itself, which specifically stated that defendant would have the right to contest the amount.
Further, the final judgments in both cases ordered defendant to pay prospective appellate costs. This court has repeatedly held that a trial court errs when it assesses appellate costs against a defendant prospectively. See, e.g., Smith v. State, 675 So.2d 1050 (Fla. 4th DCA 1996); In Interest of L.B., 651 So.2d 1274 (Fla. 4th DCA 1995); Anderson v. State, 632 So.2d 132 (Fla. 4th DCA 1994).
Accordingly, we reverse the assessment of prospective appellate costs and remand on the issue of attorney’s fees to afford defendant the opportunity to contest the amount imposed at a noticed hearing.
DELL, J., and MAY, MELANIE, Associate Judge, concur.