POLEN, Judge.
Gary Reed pled nolo contendere to Count I, burglary of a conveyance with an assault or battery, and Count II, battery. The court imposed a youthful offender sentence on Count I of four (4) years in the Department of Corrections to be followed by two (2) years community control. Reed was sentenced to time served on Count II. Because this sentence constitutes an impermissible guideline departure, we reverse and remand for resen-tencing.
The trial court erred by imposing the split sentence of four years incarceration, followed by two years community control. The combination of incarceration and community control exceeded the recommended *914 guideline sentence (a permitted range of 42.4 to 70.7 months with a recommended sentence of 56.6 months), thereby constituting an upward departure without written reasons. See Betancourt v. State, 550 So.2d 1121 (Fla. 3d DCA), aff'd in part, 552 So.2d 1107 (Fla.1989) (combination of incarceration and community control exceeded recommended guideline sentence, and was departure sentence necessitating written reasons; the Youthful Offender Act limits a youthful offender sentence to the maximum sentence authorized under the sentencing guidelines); Jones v. State, 582 So.2d 181 (Fla. 4th DCA 1991) (reversing sentence of four years probation followed by two years community control on the authority of Betancourt, as an upward departure from the sentencing guidelines). Since it does not appear that the trial court realized it was imposing a departure sentence, upon remand the trial court can resentence within the guidelines or provide a valid written reason for departure. State v. Betancourt, 552 So.2d 1107 (Fla.1989).
On remand we also direct the trial court to delete the court costs included in the written judgment. At the sentencing hearing the trial court stated that it was waiving court costs. The written judgment must be corrected to conform with the oral pronouncement. See Thomas v. State, 595 So.2d 287 (Fla. 4th DCA 1992)(trial court’s correction of written sentence to conform to oral pronouncement was proper).
GUNTHER, C.J., and FARMER, J., concur.