690 So.2d 730 (1997)
Dustin WATSON, Appellant,
v.
STATE of Florida, Appellee.
No. 95-3806.
District Court of Appeal of Florida, Fourth District.
April 2, 1997.
Richard L. Jorandby, Public Defender, and Susan D. Cline, Assistant Public Defender, West Palm Beach, for appellant.
No brief filed for appellee.
PER CURIAM.
Appellant appeals from the youthful offender sentence entered against him after pleading no contest to burglary and grand theft. Since his youthful offender sentence exceeded the recommended guidelines sentence, we reverse and remand for resentencing.
Appellant entered a no contest plea to burglary of a dwelling (count I) and grand theft of a firearm (count II). The trial court sentenced Appellant as a youthful offender to 28.2 months in prison for each count, followed by three years' probation on count I and two years' probation on count II. The prison sentences and probationary periods were to run concurrently. The sentencing guidelines had reflected a sentencing range from a minimum of 21.1 months to a maximum of 35.2 months, with a recommended sentence of 28.2 months.
The combination of Appellant's incarceration and probation period exceeded the recommended *731 guidelines sentence. Thus, since no written reasons were given, Appellant's youthful offender sentence constitutes an improper upward departure sentence. Kepner v. State, 577 So.2d 576, 578 (Fla.1991); State v. Betancourt, 552 So.2d 1107, 1108 (Fla. 1989); Reed v. State, 681 So.2d 913, 914 (Fla. 4th DCA 1996).
However, where the trial court does not realize it was imposing a departure sentence, the trial court, upon remand, may sentence a defendant within the guidelines or set forth valid reasons for departure. Betancourt, 552 So.2d at 1108; Reed, 681 So.2d at 913-14. In the instant case, there is no indication in the record that the trial judge considered Appellant's sentence to be a departure from the sentencing guidelines. We therefore reverse Appellant's youthful offender sentence and remand to the trial court so that it may resentence Appellant within the sentencing guidelines or provide a valid reason for departure.
On remand, we also direct the trial court to correct the following errors. Appellant's probation order should be changed to reflect his status as a youthful offender. In addition, since the trial court orally pronounced that Appellant pay $600 in special public defender's fees at sentencing, which was reflected in a final judgment order dated October 3, 1995, the trial court must vacate the order dated July 27, 1995, imposing $1,200 in special public defender's fees. See id., 681 So.2d at 914 (finding that the written judgment must be corrected to conform with the oral pronouncement). Finally, we reverse the prospective award of appellate costs as it was improper for the trial court to make such an anticipatory and unauthorized award. In the Interest of L.B., 651 So.2d 1274, 1275 (Fla. 4th DCA 1995); Anderson v. State, 632 So.2d 132, 133 (Fla. 4th DCA 1994).
REVERSED AND REMANDED.
GUNTHER, C.J., and FARMER and KLEIN, JJ., concur.