706 So.2d 29 (1998)
Jacques LOUISGESTE, Appellant,
v.
STATE of Florida, Appellee.
No. 96-3070.
District Court of Appeal of Florida, Fourth District.
January 7, 1998.
*30 Richard L. Jorandby, Public Defender, and Christine Sciarrino, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Jeanine M. Germanowicz, Assistant Attorney General, West Palm Beach, for appellee.
SHAHOOD, Judge.
Appellant, Jacques Louisgeste, appeals his sentence on two counts of trafficking in cocaine claiming that the trial court improperly imposed a mandatory minimum sentence unauthorized by section 893.135(1)(b)1 a, Florida Statutes (1995). Further, appellant contests the imposition of public defender fees, interpreter fees and a $2 special assessment fee. We find that the trial court erred in sentencing appellant to a mandatory minimum term inconsistent with section 893.135(1)(b)1 a and remand for resentencing. Further, we find that the trial court did not inform appellant of his right to contest the amount of public defender's fees and remand this matter in order to afford appellant adequate notice and an opportunity to contest the amount imposed.
At the sentencing hearing following appellant's conviction for trafficking in cocaine, it was determined that appellant had no prior record and that under the sentencing guidelines scoresheet he scored between 35.7 and 59.5 months in state prison. Appellee requested that the trial court sentence appellant under the upper portion of the guidelines since he qualified for an enhanced score under section 921.0014, Florida Statutes. Appellant's counsel suggested that the court waive an enhanced score on the scoresheet since appellant, who is Haitian, will likely be deported back to Haiti by the Immigration and Naturalization Services ("INS"). Prior to imposing sentence, the trial court indicated that it wanted appellant to serve the minimum sentence regardless of whether INS deported him. Thus, if INS did deport appellant, the balance of any sentence above the minimum period would be suspended.
The court adjudicated appellant guilty and orally pronounced that it was going to enhance appellant's sentence by sentencing appellant to 52 months to the Department of Corrections with 346 days credit for time served. Further, "[u]pon service of 35.7 months, if the INS takes custody of him for purposes of deportation, the balance of the sentence would be suspended. If the INS *31 does not take custody of him for deportation purposes, then he of course would serve the sentence." The written sentencing order, however, indicates a mandatory minimum sentence of 37.7 months. Further, in accordance with § 893.135(1)(b)1 a, a $50,000 fine was imposed.
In addition, Appellant's counsel requested $787 in public defender fees. The trial court inquired of appellant as to whether he believed the sum to be a reasonable fee for his attorney's fees, to which appellant stated that he agreed. As such, the court imposed $787 in public defender's fees and court costs in the amount of $253 with a $2 special assessment fee.
The written Final Judgment Assessing Fees and Costs against the defendant included the $787 in public defender's fees and $195 in "Other reasonable costs specially incurred by the County for the defense of the Defendant." The form entitled "charges/ costs/fees" references the $787 in public defender fees, the $253 in court costs and the $2 special assessment fee.
Appellant claims that the trial court's sentence of 52 months erroneously imposed a mandatory minimum sentence of 37.7 months. He contends that under section 893.135(1)(b)1 a, Florida Statutes, a mandatory minimum sentence is unauthorized as it is not provided for by law. He maintains that such error is fundamental and need not be preserved by contemporaneous objection. We agree. While appellant failed to preserve this error by contemporaneous objection, we hold that the improper imposition of a mandatory minimum sentence in the written sentence constitutes fundamental error, and thus, is properly before this court for review. See § 924.051(3) Fla. Stat. (Supp. 1996); Whitehead v. State, 446 So.2d 194, 196-97 (Fla. 4th DCA 1984), pet. for review denied, 462 So.2d 1108 (Fla.1985)(erroneous application of a three year mandatory minimum sentence would constitute fundamental error); see also Reynolds v. State, 429 So.2d 1331, 1333 (Fla. 5th DCA 1983)(improper imposition of a mandatory minimum sentence, because of its inherent potential of causing or requiring a defendant to be incarcerated or restrained for a greater length of time than provided by law in the absence of the sentencing error constitutes fundamental error.).
Section 893.135(1)(b)1 a provides that one found guilty of trafficking in cocaine in a quantity of 28 grams or more, but less than 200 grams "shall be sentenced pursuant to the sentencing guidelines and pay a fine of $50,000." At no time does the statute provide for the imposition of a mandatory minimum term. As such, we find that the trial court's imposition of a mandatory minimum term for this offense to be erroneous.
Further, appellant was sentenced to a guidelines sentence of 52 months. However, as appellee acknowledges, the written sentence contains scrivener's errors. As the record demonstrates, the trial court intended for appellant's sentence to be a conditional partially suspended sentence. Appellant was to serve the minimum 35.7 months of the 52 months with the remaining 16.3 to be suspended if appellant was deported by INS. Instead, the clerk inadvertently checked the mandatory minimum portion of the form rather than the suspended sentence portion. Further, the clerk entered 37.7 months instead of 35.7 months.
As the oral pronouncement of sentence controls over the written sentence, appellant's sentence must be remanded to the trial court to correct the scrivener's errors in order to conform with the trial court's oral pronouncement. Broomfield v. State, 698 So.2d 932 (Fla. 4th DCA 1997).
Appellant also contests the imposition of $787 in public defender's fee. He maintains that the trial court erred in failing to advise him of his right to a hearing to contest the amount imposed as set forth in Florida Rule of Criminal Procedure 3.720(d)(1).
Appellee contends that under the Criminal Appeal Reform Act such error was not preserved. However, in Neal v. State, 688 So.2d 392 (Fla. 1st DCA), review denied, 698 So.2d 543 (Fla.1997), the court specifically addressed a similar issue raised by appellee and held that "the state overlooks the fact that the supreme court has held that it is `fundamental' error to order a criminal defendant to pay attorney fees without affording *32 adequate notice and an opportunity to be heard, which may be raised for the first time on appeal notwithstanding failure to raise the issue in the trial court." Id. at 395.
It is well settled that a public defender's fee may not be imposed without prior notice and the opportunity for meaningful consideration. Even where the amount assessed appears reasonable, a trial court must still advise a defendant of his or her right to a hearing to contest the proposed amount. Reese v. State, 678 So.2d 893, 894 (Fla. 4th DCA 1996); see also Adams v. State, 681 So.2d 917 (Fla. 4th DCA 1996)(public defender fees can only be imposed if defendant is given prior notice of the intent to seek such fees, and an opportunity to be heard and offer objection to the imposition of such fees.).
In this case, while the trial court informed appellant of public defender's fees and asked him if such fees were reasonable, the trial court did not inform appellant at the sentencing hearing of his right to contest the amount of the fee. See Fla. R.Crim. P. 3.720(d)(1). Accordingly, we reverse and remand the imposition of fees with directions to the trial court to afford appellant adequate notice and the opportunity to contest the amount imposed.
The final point raised by appellant is directed to the court's imposition of $195 in interpreter fees and the $2 special assessment fee without an evidentiary hearing or without notice to appellant of these costs at sentencing. Since no objections were made at the hearing below, these issues are not preserved. We accordingly affirm without further comment or discussion.
AFFIRMED IN PART; REVERSED AND REMANDED IN PART FOR RESENTENCING WITH DIRECTIONS.
FARMER and STEVENSON, JJ., concur.