715 So.2d 960 (1998)
Terry HYDEN, Appellant,
v.
STATE of Florida, Appellee.
No. 97-0935.
District Court of Appeal of Florida, Fourth District.
June 3, 1998.
Rehearing, Rehearing and Certification of Conflict and Question Denied August 18, 1998.
*961 Richard L. Jorandby, Public Defender, and Susan D. Cline, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Elaine L. Thompson, Assistant Attorney General, West Palm Beach, for appellee.
Rehearing, Rehearing En Banc and Certification of Conflict and Question Denied August 18, 1998.

EN BANC
WARNER, Judge.
We withdraw our prior opinion and substitute the following in its place.
We use this appeal to impress upon the criminal bar of this district the essential requirement of the new Florida Rule of Appellate Procedure 9.140(d). In order for a sentencing error to be raised on direct appeal from a conviction and sentence, it must be preserved in the trial court either by objection at the time of sentencing or in a motion to correct sentence under Florida Rule of Criminal Procedure 3.800(b). In this district, we will no longer entertain on appeal the correction of sentencing errors which are not properly preserved.
In this case, the appellant challenges two aspects of his sentence. First, he alleges that the order of probation requires him to submit to "random urinalysis, breath and blood testing" which condition was not orally pronounced. Although in the past we have corrected such deviations from the oral pronouncement of sentences, see, e.g., Ramos v. State, 696 So.2d 461 (Fla. 4th DCA 1997); Williamson v. State, 569 So.2d 1368 (Fla. 4th DCA 1990), we will do so no more. Rule 9.140 provides in pertinent part:
(d) Sentencing Errors. A sentencing error may not be raised on appeal unless the alleged error has first been brought to the attention of the lower tribunal:
(1) at the time of sentencing; or
(2) by motion pursuant to Florida Rule of Criminal Procedure 3.800(b).
While no objection can be made at the time of sentencing that the written judgment does not conform to the oral pronouncement, a defendant has thirty days from the rendition of the written sentence to make a motion to correct the sentence or order of probation under Rule 3.800(b). In addition, the definition of "rendition" of an order for purposes of appeal was amended to provide that a timely filed motion to correct the sentence suspends rendition of the judgment of conviction and sentence for purposes of appeal. See Fla. R.App.P. 9.020(h). Thus, the amendments make it clear that a timely motion to correct a sentence preserves the defendant's appellate rights. The defendant loses his or her appellate rights only when he or she does not observe the provisions of Rule 3.800(b) and Rule 9.140(d).
Had appellant filed a motion to correct the sentence, within a very short period of timefar less than the year this appeal has been pendingthe trial court could have corrected his sentence. It is for the benefit of the criminal judicial system as a whole, as well as the individual defendants, that this expeditious remedy of sentence correction has been made available. Our strict enforcement of Rule 9.140(d) should have the effect of alerting the criminal bar of the absolute necessity for reviewing the sentencing orders when received to determine whether correction is necessary. If they do not, relief will not be afforded on appeal. Thus, counsel's duties do not end with the pronouncement of the sentence. Trial counsel can no longer rely on appellate counsel to request correction of errors in the appellate court.
For the same reason, we hold that appellant's second issue alleging error in the assessment against appellant of public defender fees and costs to the Board of County Commissioners is not correctable on appeal without preservation in the trial court. On this we agree with our sister court which held in Maddox v. State, 708 So.2d 617 (Fla. 5th DCA 1998), that errors in the assessment of costs and fees are also subject to the requirement of preservation, as these too are *962 easily correctable in the trial court pursuant to Rule 3.800(b).
In Louisgeste v. State, 706 So.2d 29, 31-32 (Fla. 4th DCA 1998), we held that the appellate court may consider the imposition of a public defender's fee without preservation of the issue in the trial court. Louisgeste cited Neal v. State, 688 So.2d 392, 395 (Fla. 1st DCA), rev. denied, 698 So.2d 543 (Fla.1997), which permitted a fee issue to be raised without preservation on the ground that the supreme court had determined that imposition of a fee without notice was a denial of due process and thus a fundamental error. See Henriquez v. State, 545 So.2d 1340, 1341 (Fla.1989); Wood v. State, 544 So.2d 1004, 1006 (Fla.1989). Both of these cases were decided prior to the change of the rules which permit a motion to correct a sentence pursuant to Rule 3.800(b) and require preservation of a sentencing error pursuant to Rule 9.140(d).
The addition of Rule 3.800(b) and Rule 9.140(d) has changed the legal landscape with respect to whether it remains fundamental error to impose a public defender's fee or costs where the defendant failed to move to correct the sentence or order of probation. Wood explains that without adequate notice and a meaningful hearing, the requirements of due process are not met in imposing costs upon a defendant who may be indigent. See 544 So.2d at 1006. Assuming that prior to the sentence a defendant is not given notice of the state's intent to impose costs and a public defenders' fee, once the fees are imposed in the sentence, the defendant surely has notice of them. If the defendant contests either the ability to pay such fees or the amount, he or she can file a motion to correct the sentence, pursuant to Rule 3.800(b), contesting the imposition and requesting a hearing. This gives the defendant, the trial court, and the state an expeditious manner for correcting the problem by holding a hearing on the matter. Judicial efficiency is sacrificed if we allow a defendant to utilize all of the resources of the appellate systema brief filed by a public defender, the services of the clerk and court, and the review of the case by three judgesin order to correct such mistakes which frequently involve nominal sums. It makes little sense to characterize significantly less important issues of costs and attorney's fees fundamental and thereby permit them to be raised for the first time on appeal, when Rule 9.140(d) cuts off the right to bring far more serious matters involving deprivation of liberty, such as issues of habitualization, without proper preservation.
We believe that the rule changes have sub silentio overruled Wood to the extent that it held that the imposition of fees and costs without notice and a hearing is "fundamental error" which may be raised for the first time on appeal without preservation. The fifth district has already held in Maddox that an appellant may not raise cost issues on direct appeal unless the issue has been preserved by contemporaneous objection or by motion to correct under Rule 3.800(b). See 708 So.2d at 621. We too have indicated that cost issues must also be preserved. See Harriel v. State, 710 So.2d 102, n.1, (Fla. 4th DCA 1998).
We agree with the sentiments expressed by Chief Judge Griffin in Maddox, writing for the en banc majority of the fifth district, when she stated:
At the intermediate appellate level, we are accustomed to simply correcting errors when we see them in criminal cases, especially in sentencing, because it seems both right and efficient to do so. The legislature and the supreme court have concluded, however, that the place for such errors to be corrected is at the trial level and that any defendant who does not bring a sentencing error to the attention of the sentencing judge within a reasonable time cannot expect relief on appeal. This is a policy decision that will relieve the workload of the appellate courts and will place correction of alleged errors in the hands of the judicial officer best able to investigate and to correct any error. Eventually, trial counsel may even recognize the labor-saving and reputation-enhancing benefits of being adequately prepared for the sentencing hearing. Certainly, there is little risk that a defendant will suffer an injustice because of this new procedure; if any aspect of a sentencing is "fundamentally" erroneous and if counsel fails to object at *963 sentencing or file a motion within thirty days in accordance with the rule, the remedy of ineffective assistance of counsel will be available. It is hard to imagine that the failure to preserve a sentencing error that would formerly have been characterized as "fundamental" would not support an "ineffective assistance" claim.[1]
708 So.2d at 621.
We therefore recede from Louisgeste, certify conflict with Neal, and affirm the conviction and sentence of appellant.
STONE, C.J., and GLICKSTEIN, DELL, GUNTHER, POLEN, FARMER, KLEIN, STEVENSON, SHAHOOD, GROSS and TAYLOR, JJ., concur.
NOTES
[1] Our only disagreement with Maddox is as to whether a defendant can raise the illegality of a sentence, as defined in Davis v. State, 661 So.2d 1193, 1196-97 (Fla.1995), without preservation. We held in Harriel that a defendant can raise this one issue without preservation. See 708 So.2d at 621.