COPE, Judge.
Respondent-appellant J.S. appeals his adjudication of delinquency and the imposition of a public defender’s lien.
We reject the respondent’s challenge to the sufficiency of the evidence. The question of whether the respondent’s hypothesis of innocence was reasonable was a factual *1355 issue to be determined by the trial court. See State v. Law, 559 So.2d 187, 189 (Fla.1989); Dudley v. State, 511 So.2d 1052, 1057 (Fla. 3d DCA 1987). We find no abuse of discretion in the denial of the respondent’s motion for a continuance.
The respondent also contends that the imposition of a $100 public defender lien on the respondent and his parents must be reversed because the trial court did not advise him of his right to a hearing to contest the lien. The State concedes that this was error. In view of Henriquez v. State, 545 So.2d 1340 (Fla.1989), we accept the confession of error.[1] However, neither party has addressed the question whether the 1996 enactment of section 924.051, Florida Statutes, has undercut Henriquez. We leave that question open.[2]
On remand, the trial court shall give notice to the parents and child of the right to request a hearing to contest the lien and shall set a deadline for making such a request. If no request is made within that time, the trial court is free to reimpose the lien.
Affirmed in part, reversed in part, and remanded for further proceedings consistent herewith.

.The parties rely on S.D. v. State, 687 So.2d 948 (Fla. 2d DCA 1997), which states that the imposition of a public defender lien on a juvenile is governed by Florida Rule of Criminal Procedure 3.720(d)(1). That rule applies only in adult cases. The applicable notice requirement for imposition of a public defender lien states:
The court having jurisdiction of the defendant-recipient may, at such stage of the proceedings as the court may deem appropriate, determine the value of the services of the public defender, special assistant public defender, or appointed private legal counsel and costs, at which time the defendant-recipient or parent, after adequate notice thereof, shall have opportunity to be heard and offer objection to the determination, and to be represented by counsel, with due opportunity to exercise and be accorded the procedures and rights provided in the laws and court rules pertaining to civil cases at law.
§ 27.56(7), Fla. Stat. (Supp.1996) (emphasis added). The lien is enforceable against the parent as well as the child, see id. § 27.56(2)-(3), and collection proceedings are authorized, see id. § 27.56(4)-(5), but remission is authorized for manifest hardship, see id. § 27.56(4), and the lien is not enforceable against a homestead or exempt assets. See id. § 27.56(6).

. In the context of adult criminal appeals, that issue is to be revisited in Matke v. State, 23 Fla. L. Weekly D469, - So.2d - (Fla. 1st DCA Feb. 13, 1998) (certifying conflict), review granted, No. 92,476, - So.2d - (Fla. May 19, 1998) (reported in 23 Fla. L. Weekly, No. 23, at ii (June 5, 1998)). In Hyden v. State, 1998 WL 283291, - So.2d - (Fla.App. 4th DCA June 3, 1998) (en banc), the Fourth District held (in the context of an adult criminal appeal) that Henriquez is no longer good law in light of the adoption of Florida Rule of Criminal Procedure 3.800(b) and Florida Rule of Appellate Procedure 9.140(d). Rule 3.800(b) is not applicable, however, to juvenile proceedings.