717 So.2d 128 (1998)
T.G., a child, Appellant,
v.
STATE of Florida, Appellee.
No. 97-3772.
District Court of Appeal of Florida, Fourth District.
September 9, 1998.
Richard L. Jorandby, Public Defender, and Tatjana Ostapoff, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Georgina Jimenez-Orosa, Assistant Attorney General, West Palm Beach, for appellee.
*129 PER CURIAM.
We affirm the trial court's determination that T.G. was guilty of the delinquent act of aggravated battery with a deadly weapon (a car), as well as her placement on community control with the conditions imposed. We reverse, however, as to the assessment of the $175 public defender's fee without giving notice to the juvenile that she could contest the amount. Louisgeste v. State, 706 So.2d 29 (Fla. 4th DCA 1998). Although Louisgeste has since been receded from because the error was not preserved, Hyden v. State, 715 So.2d 960 (Fla. 4th DCA 1998), in juvenile cases, failure to preserve such claims by a contemporaneous objection or post-trial motion does not bar appellate review. State v. T.M.B., 716 So.2d 269 (Fla.1998).
In T.M.B., the supreme court held that section 924.051, Florida Statutes (1997), is inapplicable to appeals in juvenile proceedings, which are governed by section 39.069, Florida Statutes (1995), now transferred and renumbered as section 985.234, Florida Statutes (1997). Section 39.069(1) provides that an appeal may be taken "within the time and in the manner prescribed by the Florida Rules of Appellate Procedure." Rule 9.145, entitled "Appeal Proceedings in Juvenile Delinquency Cases," states in subsection (a) that appeal proceedings "shall be as in rule 9.140 except as modified by this rule." Rule 9.145 makes no mention of sentencing errors. Rule 9.140(d) states:
(d) Sentencing Errors. A sentencing error may not be raised on appeal unless the alleged error has first been brought to the attention of the lower tribunal:
(1) at the time of sentencing; or
(2) by motion pursuant to Florida Rule of Criminal Procedure 3.800(b).
Given the history behind the enactment of Rule 9.140(d), we do not believe that the supreme court intended it to apply to appeals in juvenile delinquency cases. On December 21, 1995, on its own motion, the supreme court proposed an amendment to Rule 9.140(b) in an opinion that stated "that scarce resources are being unnecessarily expended in appeals from guilty pleas and appeals relating to sentencing errors." Amendments to Florida Rules of Appellate Procedure 9.020(g) and 9.140(b) and Florida Rule of Criminal Procedure 3.800, No. 86,881 (Fla. Dec.21, 1995). One purpose of the proposed amendments was "to require that sentencing errors first be raised in the trial court." Amendments to the Florida Rules of Appellate Procedure, 685 So.2d 773 (Fla.1996). While the proposed rules were under consideration, the legislature passed section 924.051, Florida Statutes (1997). The supreme court has expressed the belief that "the legislature could reasonably condition the right to appeal upon the preservation of a prejudicial error or the assertion of a fundamental error." Amendments, 685 So.2d at 775. Rule 9.140(d) was created in conjunction with Rule 3.800(b), which allows a defendant to file a motion to correct a sentencing error within 30 days after the rendition of the sentence. Rule 9.140(d) limits an appeal of a sentencing issue unless the motion is first raised in the trial court by way of Rule 3.800(b). With this procedural framework, the rules attempt to resolve sentencing issues expeditiously, by requiring that they be brought in the trial court where they can be corrected quickly, without the necessity of an appeal and all the attendant paperwork.
Although the supreme court amended the Rules of Criminal Procedure to provide for the Rule 3.800(b) motion to correct a sentencing error, no similar amendment was added to the Rules of Juvenile Procedure. Rule 8.130(b)(1) provides for a motion for rehearing to be filed within 10 days of the entry of the order being challenged; Rule 8.135 allows for the correction of clerical mistakes in judgments, orders, or other parts of the record "at any time." No provision of the Juvenile Rules mirrors Rule 3.800(b), and that rule does not apply to delinquency proceedings. See, e.g., J.S. v. State, 711 So.2d 1354, 1355 n. 2 (Fla. 3d DCA 1998) *1 at n. 2; J.M.J. v. State, 22 Fla. L. Weekly D 1673, ___ So.2d ___ (Fla. 1st DCA Jul. 7, 1997), approved, T.M.B., 716 So.2d 269 (Fla.1998). Especially in light of T.M.B., we do not believe that the supreme court would have limited juveniles' right to appeal a sentencing *130 error, without providing a procedural vehicle in the trial court similar to Rule 3.800(b). For this reason, we do not read Rule 9.145 as adopting Rule 9.140(d) for appeals in juvenile delinquency cases.
GUNTHER and POLEN, JJ., and GLICKSTEIN, HUGH S., Senior Judge, concur.