724 So.2d 139 (1998)
David GAINES, Appellant,
v.
STATE of Florida, Appellee.
No. 97-01215.
District Court of Appeal of Florida, Second District.
December 2, 1998.
*140 James Marion Moorman, Public Defender, and William L. Sharwell, Assistant Public Defender, Bartow, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Michael J. Scionti, Assistant Attorney General, Tampa, for Appellee.
ALTENBERND, Judge.
On motion for rehearing, David Gaines argues that this court should reverse the imposition of a $1750 public defender lien because the trial court did not give him notice of this cost and did not give him the right to contest this amount at his sentencing hearing on February 20, 1997. We affirm because the only preserved issue concerning the conviction is without merit, and this sentencing error has not been preserved for appellate review.
Mr. Gaines failed to preserve this error by filing a motion pursuant to Florida Rule of Criminal Procedure 3.800(b) within thirty days after the rendition of his sentence. Even though it may be administratively difficult for defense counsel to operate within the time constraints of rule 3.800(b), we cannot relieve counsel of the obligation to comply with this rule. At least in the typical case, we will not treat erroneous costs, conditions of probation, or public defender liens as fundamental error now that counsel has an additional thirty days in which to object and preserve any error within the written sentencing documents. See Locke v. State, 23 Fla. Law Weekly D2399 (Fla. 1st DCA Oct.21, 1998); Hyden v. State, 715 So.2d 960 (Fla. 4th DCA 1998). The imposition of such a public defender lien will not be classified as a serious, patent sentencing error, which is correctable, even if the error is neither preserved nor fundamental. See Denson v. State, 711 So.2d 1225, 1229 (Fla. 2d DCA 1998). We recognize that this issue has been certified to the supreme court as an issue of great public importance in Locke, but we see no reason to certify the issue in every case in which it arises. If the supreme court disagrees with the position taken in Locke, Mr. Gaines and the numerous other defendants with similar sentencing issues will be able to correct these errors by filing postconviction motions with the trial courts.
Affirmed.
PARKER, C.J., and GREEN, J., Concur.