PER CURIAM.
In 1995, appellant pled guilty to two charges of robbery and was declared a violent habitual offender. The court imposed fifteen year prison sentences, but then suspended them conditioned on successful completion of two years community control followed by ten years drug offender probation. The fifteen year sentences were within the statutory maximum, and could have been imposed without appellant having been declared an habitual offender.
In 1997, appellant violated his community control and entered a plea to the violation and three new robbery charges. The court declared him to be a violent habitual offender and sentenced him to three concurrent fifteen year prison terms for the 1995 cases and the 1997 case.
Appellant argues that he should not have been sentenced as a habitual offender when he violated his probation because the 1995 sentences were not habitual offender sentences. We do not reach that, because, as appellant recognizes, he did not raise this issue in the trial court. Although an illegal sentence can be raised for the first time on appeal, Hyden v. State, 715 So.2d 960 (Fla. 4th DCA 1998), an illegal sentence is “one that exceeds the maximum period set forth by law for a particular offense without regard to the guidelines.” Davis v. State, 661 So.2d 1193, 1196 (Fla.1995).[1] Because the sentences here did not exceed the statutory maximum, they are not illegal, and cannot *1143 be raised for the first time on direct appeal. We therefore affirm.
POLEN, KLEIN and STEVENSON, JJ., concur.

. Nor is this sentence illegal under State v. Mancino, 714 So.2d 429 (Fla.1998) as interpreted by this court in Blakley v. State, 746 So.2d 1182 (Fla. 4th DCA 1999).