764 So.2d 571 (2000)
Tommy TERRY, Petitioner,
v.
STATE of Florida, Respondent.
No. SC95149.
Supreme Court of Florida.
July 13, 2000.
James B. Gibson, Public Defender, and Stephanie H. Park and Barbara C. Davis, Assistant Public Defenders, Seventh Judicial Circuit, Daytona Beach, Florida, for Petitioner.
Robert A. Butterworth, Attorney General, and Belle B. Schumann and Wesley Heidt, Assistant Attorneys General, Daytona Beach, Florida, for Respondent.
*572 PER CURIAM.
We have for review Terry v. State, 727 So.2d 1124 (Fla. 5th DCA 1999), a decision of the Fifth District Court of Appeal citing as controlling authority its opinion in Maddox v. State, 708 So.2d 617 (Fla. 5th DCA 1998), approved in part, disapproved in part, 760 So.2d 89 (Fla.2000). We have jurisdiction. See art. V, § 3(b)(3), Fla. Const.; Jollie v. State, 405 So.2d 418, 420 (Fla.1981).
In Maddox v. State, 760 So.2d 89 (Fla. 2000), we recently concluded that a sentence that exceeds the maximum sentence allowed by statute constitutes a fundamental sentencing error that can be raised on direct appeal during the window period. 760 So.2d at 94.[1] Terry claims that his sentence of ten years' probation is illegal because it exceeds the statutory maximum sentence of five years permitted for a third-degree felony. See § 775.082(3)(d), Fla. Stat. (1997); see also State v. Summers, 642 So.2d 742 (Fla.1994) (stating that probationary terms are subject to a statutory maximum). Under our opinion in Maddox, the district court should have corrected this error as fundamental error even though it was not preserved for review.
For the reasons expressed in this opinion, we quash the decision below and remand for proceedings consistent with our opinion in Maddox.
It is so ordered.
WELLS, C.J., and SHAW, HARDING, ANSTEAD, PARIENTE, LEWIS and QUINCE, JJ., concur.
NOTES
[1] In Maddox, we addressed the question of whether unpreserved sentencing errors should be corrected in appeals filed in the window period between the effective date of section 924.051, Florida Statutes (Supp. 1996), and our recent amendment to Florida Rule of Criminal Procedure 3.800(b) in Amendments to Florida Rules of Criminal Procedure 3.111(e) & 3.800 & Florida Rules of Appellate Procedure 9.020(h), 9.140, & 9.600, 761 So.2d 1015 (Fla.1999), reh'g granted, 761 So.2d at 1025. The appeal in this case falls within the window period discussed in Maddox.