764 So.2d 571 (2000)
Leotis M. SMITH, Petitioner,
v.
STATE of Florida, Respondent.
No. SC94703.
Supreme Court of Florida.
July 13, 2000.
James B. Gibson, Public Defender, and Stephanie H. Park, Assistant Public Defender, Seventh Judicial Circuit, Daytona Beach, Florida, for Petitioner.
Robert A. Butterworth, Attorney General, and Belle B. Schumann and Wesley Heidt, Assistant Attorneys General, Daytona Beach, Florida, for Respondent.
PER CURIAM.
We have for review Smith v. State, 721 So.2d 455 (Fla. 5th DCA 1998), a decision of the Fifth District Court of Appeal citing as authority its opinion in Maddox v. State, 708 So.2d 617 (Fla. 5th DCA 1998), approved in part, disapproved in part, 760 So.2d 89 (Fla.2000). We have jurisdiction. See art. V, § 3(b)(3), Fla. Const.; Jollie v. State, 405 So.2d 418, 420 (Fla.1981).
Smith received a life sentence as a habitual offender for second-degree murder with a deadly weapon. Smith claims that his prior felony convictions were an insufficient predicate for habitualization because two of the convictions were entered on the same day and the third occurred after the date of the offense. See § 775.084(5), Fla. Stat. (1995) (providing that to be a "prior felony" for the purpose of habitualization, the offense must "have resulted in a conviction sentenced separately prior to the current offense and sentenced separately from any other felony conviction that is to be counted as a prior felony"); Rhodes v. State, 704 So.2d 1080 (Fla. 1st DCA 1997) (stating that in order to constitute a prior offense for purposes of habitualization, the offense must have been committed prior to the offense resulting in the enhanced sentence). For the reasons expressed in our opinion in Maddox, we find that this constitutes a fundamental sentencing error that can be raised on direct appeal during the window period discussed in Maddox. We therefore quash the decision below and remand for further proceedings in light of Maddox.
It is so ordered.
WELLS, C.J., and SHAW, HARDING, ANSTEAD, PARIENTE, LEWIS and QUINCE, JJ., concur.