PER CURIAM.
The appellant, Arthur Markens, appeals the summary denial of his motion to correct an illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800 filed in the trial court on November 13, 2000.
Because the record attachments, which were ultimately provided to the court by the state, fail to refute Markens’ claim that he did not qualify for a habitual offender sentence in circuit court case numbers 97-2600 and 97-6997, we reverse on this issue.
In cases 97-2600 and 97-6997, Markens was sentenced as a habitual offender. In his motion, he alleged that he did not qualify for habitual offender status because he did not have sequential convictions. The trial court summarily denied relief and referred convictions in circuit court cases 96-13101, 95-13737, and 95-13738. It appears from the record that Markens entered his guilty pleas and was sentenced in all three cases on the same date. In its order denying relief on this ground, the trial court, adopting the state’s response appears to have relied on the number of convictions and did not discuss whether the convictions were sequential.
 Section 775.084(5), Florida Statutes (1993), requires sequential convictions to qualify for habitual offender sentencing. See Smith v. State, 764 So.2d 571 (Fla.2000). This requirement became effective June 17, 1993. Therefore, since the offenses in cases 97-2600 and 97-6997 appear to have been committed after June 17, 1993, sequential convictions would be required for habitual offender sentencing.
On remand, the trial court should reexamine the files and records in this case to determine whether Markens is entitled to relief on this ground. If it again summarily denies the motion, the trial court must attach those parts of the record that conclusively refute the claim.
DELL, GUNTHER and STEVENSON, JJ., concur.