WHATLEY, Acting Chief Judge.
Christopher Gadsen challenges the order of the trial court denying his motion to correct sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a). We affirm.
Gadsen alleged in his motion that his habitual offender sentences are illegal because his youthful offender convictions could not be used as predicate offenses *911 under the habitual offender statute. The trial court properly denied this claim. See Weford v. State, 784 So.2d 1222 (Fla. 3d DCA 2001).
In his motion, Gadsen stated that all his predicate convictions were youthful offender convictions and that he was “adjudicated and sentenced on the same day” in all of those cases. The attachments to the trial court’s order support this statement. Gadsen was sentenced under a version of the habitual offender statute that required that the predicate convictions be sequential. See Markens v. State, 793 So.2d 1093 (Fla. 4th DCA 2001). A claim that a habitual offender sentence is illegal because the required predicate convictions were not entered sequentially is cognizable in a rule 3.800(a) motion to correct illegal sentence. See id. However, Gadsen did not raise this claim in his motion, and the trial court did not address it. Our affirmance, therefore, is without prejudice to any right Gad-sen might have to raise this claim in a subsequent facially sufficient rule 3.800(a) motion.
Affirmed.
CASANUEVA and STRINGER, JJ., Concur.