VILLANTI, Judge.
Paul James Tyson appeals the summary denial of his motion for postconviction relief filed under Florida Rule of Criminal *426 Procedure 3.800(a), in which he raised one ground for relief. We affirm the postcon-viction court’s denial of Tyson’s claim but write to clarify Tyson’s current sentence.
On January 30, 2001, Tyson was convicted of several crimes in four different cases — ease numbers CF00-5614, CF00-4484, CF00-5214, and CF00-5215 — and sentenced to a total of thirty-two months’ imprisonment followed by five years’ probation. On May 5, 2006, in case number CF06-0600, Tyson was convicted of violating section 794.05, Florida Statutes (2005), a second-degree felony, and was sentenced as a habitual felony offender (HFO) to two years’ imprisonment followed by thirteen years’ probation. On October 5, 2009, Tyson violated probation in case number CF06-0600 and was sentenced to eight years’ imprisonment, a sentence for which he alleged he was again classified as an HFO.
In his rule 3.800(a) motion, Tyson claims that he lacks the requisite predicate felonies to have ever been classified as an HFO. In support, Tyson noted that “to be a ‘prior felony’ for the purpose of habituali-zation, the offense must ‘have resulted in a conviction sentenced separately prior to the current offense and sentenced separately from any other felony conviction that is to be counted as a prior felony.’ ” Smith v. State, 764 So.2d 571, 571 (Fla.2000) (quoting § 775.084(5), Fla. Stat. (1995)). Furthermore, “where the requisite predicate felonies essential to qualify a defendant for habitualization do not exist as a matter of law and that error is apparent from the face of the record, rule 3.800(a) can be used to correct the resulting habitual offender sentence.” Bover v. State, 797 So.2d 1246,1247 (Fla.2001).
Although Tyson was convicted in four different cases on January 30, 2001, he claimed that these convictions were all sentenced in the same sentencing proceeding and that he had no other convictions— outside of violations of probation — prior to his new conviction in 2006. Based on this record and the fact that HFO treatment requires two or more prior convictions, see § 775.084(1)(a)(1), Fla. Stat. (2005), Tyson alleged that his treatment as an HFO is illegal because, for the purpose of HFO classification, he has only one prior conviction.
Pursuant to an order to show cause why this case should not be reversed and remanded, the State pointed to an inconsistency in Tyson’s sentencing record. Specifically, the State noted that while the written judgment and sentence from his original 2006 conviction for case number CF06-0600 indicated HFO treatment, the written judgment and sentence for the 2009 violation of probation (VOP) in that case did not. Recognizing that the oral pronouncement is controlling, see Ashley v. State, 850 So.2d 1265, 1268 (Fla.2003), the State noted that the transcript from Tyson’s VOP sentencing in 2009 would resolve any uncertainty as to the details of his sentence. Furthermore, in State v. Akins, 69 So.3d 261, 270-72 (Fla.2011), the supreme court held that the failure to orally sentence a defendant as an HFO upon revocation of probation — even though he was originally sentenced as an HFO for the underlying offense — means that the defendant does not retain HFO classification after the revocation of probation.
In response to an order to supplement the record, this court obtained a copy of the transcript of the October 5, 2009, sentencing on the revocation of probation in case number CF06-0600. The proceedings contain no mention of HFO treatment. Therefore, while Tyson’s apparent treatment as an HFO at the original sentencing in 2006 may have been illegal, his current non-HFO sentence of eight years’ imprisonment on a second-degree felony is *427 not. Because Tyson is challenging a legal sentence, we affirm the postconviction court’s denial of Tyson’s motion. However, to the extent that any confusion exists about the details of Tyson’s sentence, we write to clarify that Tyson is not currently designated, nor should he be treated, as an HFO.
Affirmed.
WHATLEY and WALLACE, JJ., Concur.