PER CURIAM.
Darrell C. Thompson appeals his judgment and sentences for aggravated battery, aggravated assault, and false imprisonment. We affirm each of those convictions and sentences except that portion of the sentence for false imprisonment which requires a three-year minimum mandatory period of incarceration.
Mr. Thompson argues that an investigating officer was erroneously permitted to testify concerning the victim’s prior consistent statement about the defendant’s use of a handgun during the commission of the offenses. See Perez v. State, 371 So.2d 714 (Fla. 2d DCA 1979). Unlike the defendant in Perez, however, Mr. Thompson has waived any challenge to the harmfulness of this hearsay. Defense counsel made a general hearsay objection to the entire statement made by the victim to the police officer. Portions of that statement were admissible as exceptions to the hearsay rule. No attempt was made to limit the objection to the inadmissible portions of the statement. Moreover, defense counsel had first raised the issue of the victim’s description of the handgun to the police during his cross-examination of the victim. The subsequent testimony of the police officer, merely confirming the testimony earlier elicited by the defense, was invited by the cross-examination and harmless under these circumstances.
The three-year minimum mandatory sentence is proper on the convictions for aggravated battery and aggravated assault. The portion of the sentence for false imprisonment requiring a three-year minimum mandatory sentence, however, must be stricken because false imprisonment is not one of the offenses enumerated in section 775.087(2)(a)(l), Florida Statutes (1989).
Affirmed in part, reversed in part, and remanded.
SCHEB, A.C.J., and THREADGILL and ALTENBERND, JJ., concur.