W. SHARP, Judge.
Aranjo challenges on appeal a special condition of his probation that he submit to blood testing by the Department of Law Enforcement, as required by section 943.325. He was sentenced on February 28, 1997, for aggravated assault, a violation of section 784.021(l)(b), Florida Statutes, based on a plea agreement. Originally, the information filed against him charged he had committed a lewd or lascivious assault upon a child, in violation of section 800.04(1), over a three-year time span (1990 through 1993). The information was amended December 1996 to charge him only with aggravated assault. We strike the challenged condition.
Section 943.325 provides that any person who is convicted or has been convicted of any offense or attempted offense defined in chapter 794, chapter 800, sections 782.04, 784.045, 812.133 or 812.135, shall be required to submit two specimens of blood to the Department for purposes of DNA analysis, the results of which are entered into a database. However, section 784.021(l)(b) was never one of the crimes listed in any version of section 943.325. Defense counsel pointed out at sentencing that the blood test requirement had been waived by the state’s amendment of the information and the plea.
Under these circumstances, there is no authority pursuant to section 943.325 to require the blood test. This condition has no relation to the charge to which Aranjo pled. Thus, the condition of probation cannot be sustained. See Biller v. State, 618 So.2d 734 (Fla.1993); James v. State, 696 So.2d 1268 (Fla. 2d DCA 1997); Thompson v. State, 589 So.2d 1013 (Fla. 2d DCA 1991); Coleman v. State, 496 So.2d 896 (Fla. 2d DCA 1986).
AFFIRMED in part; Condition of Probation STRICKEN.
COBB and THOMPSON, JJ., concur.