STEVENSON, J.
Having been tried and convicted of robbery with a firearm and attempted second degree murder with a firearm, Ian McIntosh appeals. Among other things, McIntosh claims that the trial court’s ruling permitting the State to introduce evidence of two firearms not connected to the crimes for which he was on trial requires reversal. We agree.
A ski mask, a glove, two rolls of duct tape, two walkie talkies, a 9 mm Sig Sauer, a .38 revolver, and a .357 magnum were found in the black duffle bag that police recovered from under the porch of McIntosh’s sister’s home. The incontrovertible evidence at trial was that the weapon utilized in the commission of the crimes was a 9 mm Sig Sauer. Despite this, the State was permitted to place evidence of the .357 and the .38 before the jury. Since the 9 mm was unquestionably the weapon used by the perpetrator and there was no evidence that these other two firearms were in any way tied to the crimes, the admission of the .38 and the .357 was error. See O’Connor v. State, 835 So.2d 1226, 1231 (Fla. 4th DCA 2003)(hold-ing that “where the evidence at trial does not link a weapon seized to the crime charged, the weapon is inadmissible”); Huhn v. State, 511 So.2d 583, 588 (Fla. 4th DCA 1987).
The State contends that any error was harmless, relying on Herman v. State, 396 So.2d 222 (Fla. 4th DCA 1981). Herman is distinguishable. There, the panel reasoned that the admission of a shotgun that was not shown to be the weapon used in the shooting was harmless because it is not illegal to own a shotgun and “[tjhere are no adverse connotations, such as there might be in the case of ownership of a Saturday night special or a zip gun, which would give rise to prejudicial inferences on the part of the jury.” Id. at 229. “Adverse connotations” similar to those referenced in Herman are present here, particularly given the number of weapons found and where they were found, i.e., not in a locked box or case in the home, but in a duffle bag under a porch and with the weapon used in the crimes. In the end, we cannot find that there is no reasonable possibility that the error affected the jury’s verdict. See Kennedy v. State, 853 So.2d 571, 573 (Fla. 4th DCA 2003)(“The harmless error test ‘places the burden on *1100 the state, as the beneficiary of the error, to prove beyond a reasonable doubt that the error complained of did not contribute to the verdict or, alternatively stated, that there is no reasonable possibility that the error contributed to the conviction.’ ”)(quoting State v. DiGuilio, 491 So.2d 1129, 1135 (Fla.1986)). We reverse the convictions and remand for a new trial.
POLEN and KLEIN, JJ., concur.