SCHWARTZ, Senior Judge.
The primary issue raised on this appeal from a conviction for first degree murder with a firearm concerns the admission of evidence — over a general objection to all three references — that, a few weeks before the crime, the defendant displayed three firearms, one of which may well have been the weapon involved in this offense.[1] We conclude that, even if this ruling may ar-guendo have been erroneous — which we do not decide, see O’Connor v. State, 835 So.2d 1226, 1230-31 (Fla. 4th DCA 2003), and cases collected — it was, under the circumstances of all of the evidence in the case, which raised no substantial question that the defendant committed the crime, harmless beyond a reasonable doubt. See § 924.051, Fla. Stat. (2005); Knowles v. State, 848 So.2d 1055 (Fla.2003); Goodwin v. State, 751 So.2d 537 (Fla.1999); Moore v. State, 701 So.2d 545 (Fla.1997), cert. denied, 523 U.S. 1083, 118 S.Ct. 1536, 140 L.Ed.2d 685 (1998); State v. Lee, 531 So.2d 133 (Fla.1988); State v. DiGuilio, 491 So.2d 1129 (Fla.1986); O’Connor, 835 So.2d at 1232; Herman v. State, 396 So.2d 222 (Fla. 4th DCA 1981), cert. dismissed, 402 So.2d 610 (Fla.1981).[2]
The other point concerns a jury instruction which was not shown to be harmfully erroneous — let alone, as required for reversal because there was no preservation below — fundamentally so.
Affirmed.
WELLS, J., concurs.

. The defendant showed a witness a .22 caliber, a .38 caliber and a 9 millimeter firearm. Although the actual murder weapon was not recovered, the testimony concerning the fatal bullets, which were, demonstrated only that they "could” have been fired from either a .38 special caliber revolver or a .357 magnum caliber revolver.

. In McIntosh v. State, 858 So.2d 1098 (Fla. 4th DCA 2003), review denied, 870 So.2d 823 (Fla.2004), the court held it was harmful error not to exclude two guns not shown to be involved in the crime, while admitting the murder weapon which was found with them. While we consider this holding dubious even on its own facts, it is distinguishable because, unlike this case where there was only a blanket objection to all three weapons, McIntosh objected specifically to the two weapons unconnected to the crime. See Cannady v. State, 620 So.2d 165 (Fla.1993)(general objection to four potential jurors does not preserve issue of qualifications of any one of them); Thompson v. State, 589 So.2d 1013, 1014 (Fla. 2d DCA 1991)(general hearsay objection to victim's entire statement does not preserve issue when "[p]ortions of that statement were admissible as exceptions to the hearsay rule [and][n]o attempt was made to limit the objection to the inadmissible portions of the statement”); 55 Fla. Jur.2d Tried § 74, at 442 (2000)("An objection to evidence as a whole, part of which is admissible, is properly overruled. Thus, an objection to the entire testimony of a witness is properly overruled when a part of his statement is admissible.”).